WING, RESPONDENT VS. CAMPBELL, APPELLANT.

1. A petition on an account, for services rendered a third person, charging an original liability on the defendant, is sufficient.

APPEAL from St. Louis Law Commissioner's Court.

HUDSON, for appellant, maintains,

I. That the petition originally filed, does not set out or show on its face any liability of Campbell to Wing. It does not sufficiently state the particulars of the plaintiff's alleged demand, nor does it show by what right the plaintiff has to ask judgment against Campbell for the debt or liability of a third party.

II. The court below committed error in overruling the demurrer to plaintiff's petition, and

in refusing a new trial. The Law Commissioner's court being a court of record, should be governed by the same rules as those which obtain in practice in the circuit courts in this State. If these rules be observed, it will be seen that the petition is informal and insufficient.

BLENNERHASSETT & SHREVE, for respondent, insists,

I. That the petition does not fall within the statute of frauds. No action is here attempted to be brought, whereby to charge any person to answer for the debt or miscarriage of another; but by its terms the petition shows the indebtedness from the appellant to the respondent; and, that the cause of the indebtedness arose from services rendered to appellant by boarding a third person for said appellant.

The respondent, by the petition, makes no demand against a third party, nor is there any liability from Presley to respondent because he boarded with respondent. The respondent by his petition, charges expressly, that appellant was liable for Presley's board, and by charging him avows a contract to that effect; and there would have been a failure of proof if such agreement were not shown on trial.

II. The particulars of respondent's demand are as full as they could be. The particular cause of indebtedness is upon two items, both of which are specifically named, with every particularity, and the account filed would be a good bill of items in any court of record.

III. The court committed no error in overruling the demurrer of appellant, and the party having elected to abide the demurrer, the court ought to affirm the judgment.

RYLAND, J., delivered the opinion of the court.

This was a suit in the Law Commissioner's court, upon the following account :

"ST. LOUIS, April 10th, 1851.

THOMAS CAMPBELL, To A. H. WING,         DR.

To board for Presley from March 23d to April 8th, making fourteen days, at one dollar per day.................................$14 00
To dressing and laying out corpse ............................ 5 00

$19 00."

The defendant appeared, and filed his demurrer to the petition. The demurrer was overruled, and the defendant making no further answer, judgment was rendered for the plaintiff.

The defendant afterwards moved to set aside this judgment and grant a new trial; which motion was overruled, and the defendant brings the case here by appeal.

We consider that the court below very properly overruled the demurrer. The point attempted to be raised in this case is, that the account, against the defendant, was for the debt of a third person. The account is for the board of Presley, and for services rendered in laying out his corpse. Presley, for aught that appears, may have been the de-

fendant's son or servant, and the defendant may have been primarily liable for such board and services.

Let the judgment be affirmed; the other judges concurring.