STATE OF MISSOURI, Respondent, v. WILLIAM M. ELAM, Appellant.

Kansas City Court of Appeals, March 22, 1886.

1. STATUTE—PLEADING—NEGATIVING EXCEPTION CONTAINED IN PROVISO, ETC.—If there is an exception in the *enacting clause* of a statute, the party pleading must show that his adversary is not within the exception; but if there be an exception in a *subsequent clause*, or subsequent statute, that is matter of defence, and is to be shown by the other party. But, in the case of defining an offence, if the exception is so incorporated with the clause defining the offence, that it, in fact, becomes a part of the description, then it can not be omitted in the pleading.

2. INDICTMENT—ACT OF 1883 CONCERNING DRUGGISTS—ESSENTIALS OF AVERMENTS AS TO PERSONS.—The offence denounced by the statute (Act of 1883) concerning druggists, is confined to the act of *selling*. In contemplation of the statute, it does not work an injury upon, or affect the rights of another person, as in the case of an indictment for larceny, and the like, where the violation of private rights enters into the very essence of the offence; and, therefore, the name of the person to whom the druggist sells is immaterial.

3. ——— EVIDENCE—COPIES OF PAPERS ON FILE IN THE OFFICE OF SECRETARY OF STATE.—The object of the statute in requiring a duplicate registry of the names, etc., of all persons to whom the board of pharmacy shall issue certificates, etc., to be lodged in the office of the secretary of state, is for public use and information, and to provide a ready and accessible mode of information, and means of evidence. And section 2280, Revised Statutes, provides that: "Copies of all papers on file in the office of the secretary of state, etc., certified under the seal of said office, shall be evidence in all courts of this state." Such certified copy of said duplicate registry was admissible in this case.

4. JURISDICTION—ISSUES NOT PRESENTED IN RECORD.—The jurisdiction of this court ought not to be ousted upon the mere suggestion of constitutional issues not reasonably presented on the face of the record. We must examine the record and determine whether such issue is substantially reviewable, before we transfer the cause.

APPEAL from Gentry Circuit Court, HGN. C. H. S. GOODMAN, Judge.

*Affirmed.*

The case is stated in the opinion.

PATTON, CRANOR & AUSTIN, and THOMAS, McCUL-LOUGH & PEERY, for the appellants.

I. The motion to quash the indictment should have been sustained. The rules of criminal pleading require that every change should be so specific, certain and definite, as to inform defendant of the *precise* nature of the particular act for which he is called upon to answer. Wharton Crim. Plead. & Pract., sect. 220; *State v. Fisher*, 58 Mo. 256; *State v. Maupin*, 57 Mo. 205; *Thompson v. State*, 16 Tex. App. 159; Bishop Stat. Crimes (2. Ed.) sect. 1037 and cases.

II. The objection to the introduction of the certificate of the secretary of state should have been sustained. The best evidence of the fact that he was a registered pharmacist, was a certified copy of the records of the board of pharmacy showing that he had been licensed, or registered, as a pharmacist.

III. The motion for a new trial should have been sustained because the verdict was contrary to the weight of evidence.

IV. Sections two, three and four, of the act of 1883, are unconstitutional and void, (1) as being in conflict with section twenty-eight, of article four, of the constitution; (2) also, with section fourteen, of article four, of the constitution, because, first, the subject matter of the three sections is not indicated in the title of the act; and, second, the act is not set forth in full as required by the constitution.

No brief on file for the respondent.

PHILIPS, P. J.—The defendant was convicted under an indictment founded on section two of the act concerning druggists, etc. Laws of Missouri, 1883, page 88. The essential part of this section is as follows: "No druggist or pharmacist shall, directly or indirectly, sell,

give away, or otherwise dispose of, intoxicating liquors of any kind, in any quantity less than one gallon, for any purpose, except on a written prescription, dated and signed, first had and obtained from some regularly registered and practicing physician, and then only when such physician shall state in such prescription the name of the person for whom the same is prescribed as a necessary remedy; provided, that any druggist, or pharmacist, may sell or give away, in good faith, any wine for sacramental purposes.     *     *     * ''

I.    The indictment is objected to by defendant because it fails to negative the exception contained in the proviso.    Some conflict among the authorities has arisen in respect of this matter of pleading, growing out of the true purport of the term "the enacting clause."    The rule is generally thus expressed :    "If there is an exception in the enacting clause, the party pleading must show that his adversary is not within the exception; but if there be an exception in a subsequent clause or subsequent statute, that is matter of defence, and is to be shown by the other party."    8 Amer. Jur. 233–234.    But, as stated by Clifford, Judge, in *United States v. Cook* (17 Wall. 176) :    "Commentators and judges have sometimes been led into error by supposing that the words 'enacting clause,' as frequently employed, mean the section of the statute defining the offence, as contradistinguished from a subsequent section in the same statute, which is a misapprehension of the term, as the only real question in the case is whether the exception is so incorporated with the substance of the clause defining the offence, as to constitute a material part of the description of the acts, omission, or other ingredients which constitute the offence.    Such an offence must be accurately and clearly described, and if the exception is so incorporated with the clause describing the offence that it in fact becomes a part of the description, then it cannot be omitted in the pleading; but, if it is not so incorporated with the clause defining the offence as to become a material part of the defi-

nition of the offence, then it is matter of defence, and must be shown by the other party, though it be in the same section, or even in the succeeding sentence."

This has been repeatedly recognized by our supreme court as the correct test in such pleading. It was so applied in *State v. O'Brien* (74 Mo. 549), under a statute in no material respect differing from the one under consideration, and containing a like proviso, similarly situated in the enacting clause. It was held that the indictment was not objectionable for omitting to negative the exception contained in the proviso.

We must, therefore, hold this objection not well taken.

II. It is next insisted by appellant that the indictment is bad because it does not designate the person or persons, to whom the defendant sold the liquor. It is to be conceded to this contention that there is respectable authority and reason to support it. Bishop Stat. Crim., sect. 1037. But the ruling of our supreme court, on statutes in *pari materia*, is otherwise. The offence denounced by the statute is confined to the act of selling. In contemplation of the statute it does not work an injury upon, or affect the rights of another person, as in the case of an indictment for larceny, and the like, where the violation of private rights enters into the very essence of the offence ; and, therefore, the name of the party to whom the druggist, or pharmacist sells, is immaterial. *State v. Ladd*, 15 Mo. 430; *State v. Spain*, 29 Mo. 415; *State v. Jacques*, 68 Mo. 200.

III. At the trial the prosecuting attorney, for the purpose of showing that defendant was a registered pharmacist, as alleged in the indictment, introduced in evidence, over the objection of defendant, a duly certified list of registered pharmacists, from the record thereof in the office of the secretary of state. Defendant's contention is that this certificate was secondary evidence ; that the best evidence of the fact is the certi-

294 MISSOURI APPEAL REPORTS.

fied copy of the records of the board of pharmacy, presumably certified to by the board, or its secretary.

By section four of the act approved March 26, 1881, (Laws of Mo. 1881, p. 130), it is provided that "the board of pharmacy shall register in a suitable book, a duplicate of which shall be kept in the secretary of state's office, the names, etc., of all persons to whom they issue certificates, and the dates thereof." No provision is made by this statute respecting the admission in evidence, in the courts of this state, of the certificate of registration by the board, or its secretary. The manifest object of requiring the duplicate registiy to be lodged in the office of the secretary of state, is for public use and information, and to provide a ready and accessible mode of information, and means of evidence. Section 2280, Revised Statutes, provides that: "Copies of all papers on file in the office of the secretary of state, * * * or of any matter recorded in either of said offices, certified under the seal of the respective offices, shall be evidence in all the courts of the state."

We must, therefore, hold that the copy, duly certified under the seal of the office of secretary of state, was admissible in evidence for the purpose for which it was introduced.

IV. The constitutionality of the act of the legislature, under which defendant was indicted and convicted, is raised for the first time in argument at this bar. We do not think any such question can fairly arise on this record. The jurisdiction of this court ought not to be ousted upon the mere suggestion of constitutional issues not reasonably presented on the face of the record. We must examine the record and determine whether such issue is substantially reviewable before we transfer the cause. Otherwise parties could play shuttlecock with cases between the two jurisdictions, to the undue annoyance of litigants, and the unnecessary delay of justice.

The judgment of the circuit court is affirmed. Ellison, J., concurs; Hall, J., absent.