The State v. Martin.

---

THE STATE OF MISSOURI, Respondent, v. THOMAS B. MARTIN, Appellant.

St. Louis Court of Appeals, February 10, 1891.

1. Criminal Law : VERIFICATION OF INFORMATION. Under Revised Statutes, 1889, section 4057, the verification of an information by a prosecuting attorney need only be upon his information and belief.

2. ——— : SALE OF INTOXICATING LIQUORS BY A DRUGGIST : INFORMATION. An information against a druggist for an illegal sale of intoxicating liquors must state the name of the purchaser of the liquors.

*Appeal from the Hannibal Court of Common Pleas.*
. HON. THOMAS H. BACON, Judge.

REVERSED (*and defendant discharged; cause certified to the supreme court*).

*Nat C. Dryden*, for appellant.

The information is bad, because : *First.* It is not based on the affidavit of one having knowledge of the commission of the alleged offense, nor is it based on the personal knowledge of the prosecuting attorney. *Second.* It fails to set out the name of the person to whom the alleged illegal sale of the liquor was made by the defendant as a registered druggist. Hence it fails in certainty; no intelligent defense can be made by a druggist to such a charge, and after conviction or acquittal under it, in case of a second prosecution, no plea of former conviction or former acquittal could be made to it.

*Omer H. Avery*, Prosecuting Attorney, for respondent.

The information is good and charges everything that the law requires. *State v. Elam*, 21 Mo. App. 290. It need not state the name of the purchaser. *State v. Elam.* Also recent decisions of St. Louis Court of Appeals not published. It is properly verified and verified according to law. R. S. 1889, sec. 4059. This information being filed originally in court of record does not fall within the doctrine recently laid down by both the St. Louis and Kansas City Courts of Appeals, as to personal knowledge of prosecuting attorney, even had that law ( Session Acts of 1885 ) not been amended.

BIGGS, J.—The defendant was arrested, tried and convicted, upon the following information filed against him in the circuit court of Lincoln county.

"State of Missouri } In the Circuit Court of Lincoln
         *v.*            } County, Missouri.
"Thomas B. Martin. }

"Omer H. Avery, prosecuting attorney within and for the county of Lincoln, and state of Missouri, informs the court that Thomas B. Martin, being then and there

a licensed druggist, and registered pharmacist, on or about the thirtieth day of September, A. D. 1889, at the county of Lincoln and state of Missouri, did then and there unlawfully sell intoxicating liquors in less quantity than one gallon, to-wit, one pint of whiskey, which said intoxicating liquor was not then and there sold on, nor did the said Thomas B. Martin then and there have, a written prescription dated and signed, first had and obtained from some regularly registered and practicing physician, containing a statement of such physician showing the name of the person for whom the same was prescribed, and that such intoxicating liquor was prescribed as a necessary remedy against the peace and dignity of the state.

"And the said Omer H. Avery, prosecuting attorney as aforesaid, further informs the court that the said Thomas B. Martin, being then and there a registered pharmacist and licensed druggist, did, at the said county of Lincoln, and state of Missouri, on or about the fifteenth day of October, 1889, unlawfully sell intoxicating liquors in less quantity than one gallon, to-wit, one pint each of wine, whiskey and beer, which said intoxicating liquors were not then and there sold on, nor did the said Thomas B. Martin then and there have, a written prescription dated and signed, first had and obtained from some regularly registered and practicing physician, containing a statement of such physician, showing the name of the person for whom the same was prescribed and that such intoxicating liquor. was prescribed as a necessary remedy ; none of the intoxicating liquors so as aforesaid being sold for sacramental purposes ; and the said Thomas B. Martin not then and there having license as a dramshop-keeper, nor any other legal authority to sell intoxicating liquor, against the peace and dignity of the *peace.*

" And the said Omer H. Avery, prosecuting attorney as aforesaid, further informs that, on or about the fifteenth day of November, A. D. 1889, at the county of

Lincoln and state of Missouri, the said Thomas B. Martin, being then and there a licensed druggist and registered pharmacist, did then and there unlawfully sell, give away and otherwise dispose of intoxicating liquor in less quantity than four gallons, to-wit, one pint of whiskey, which said intoxicating liquor was not then and there sold on, nor did the said Thomas B. Martin then and there have, a written prescription dated and signed, first had and obtained from some regularly registered and practicing physician, containing a statement of such physician, showing the name of the person for whom the same was prescribed, and that such intoxicating liquor was prescribed as a necessary remedy ; the intoxicating liquor, so as aforesaid sold, given away and otherwise disposed of, not being wine for sacramental purposes ; the said Thomas B. Martin, not then and there having license as a dramshop-keeper, nor any other legal authority to sell intoxicating liquors, against the peace and dignity of the state.

"OMER H. AVERY,

"Prosecuting Attorney.

"Omer H. Avery, prosecuting attorney, makes oath and says, that the facts stated in the foregoing information are true according to his best information and belief.                    OMER H. AVERY."

There was a change of venue to the Hannibal court of common pleas, and a trial there had before the court, which resulted in the defendant's conviction under the second count, and his acquittal under the first. The third count was dismissed. He has brought the case to us for review.

The sufficiency of the information was challenged by the defendant in the trial court on two grounds : *First.* It did not appear that the information was based on the personal knowledge of anyone of the commission of all the alleged offenses. *Second.* It failed to set out the name of the person to whom the alleged illegal sale

of liquor was made. Both objections, and especially the last, are now urged as good grounds for the defendant's discharge.

In support of the first objection the defendant relies on the case of *State v. Wilkson*, 36 Mo. App. 373. The law of that case is in no way applicable to this. In that case the information was filed before a justice of the peace under the provisions of an act of the legislature, passed in 1885. Sess. Acts, 1885, pp. 145, 146. This law, until amended by the revision of 1889, required all informations filed before a justice of the peace to be supported either by the affidavit of some third person having knowledge of the offense, or upon the knowledge of the prosecuting attorney. In the present case the information was filed in the circuit court, and, under section 4057 of the Revised Statutes, 1889, the verification of the information by the prosecuting attorney need be only upon his information and belief. This is sufficient to show that the first objection is clearly untenable.

Concerning the second proposition we have met with difficulties. The trial judge was evidently governed in his ruling on this question by the decision of Judge PHILIPS of the Kansas City Court of Appeals in the case of *State v. Elam*, 21 Mo. App. 290. It was flatly decided in that case that it was not necessary in an indictment or information against a druggist for the illegal sale of intoxicants to give the name of the purchaser. We have been unable to give our assent to that proposition. The general rule of criminal procedure is, and it is fundamental law, that the accused has the indisputable right to be informed specifically of the charge against him, in order that he may prepare his defense, and also to the end that the record of his acquittal or conviction may be a good bar, in case he is again put on trial for the same offense. The indictment must be so definite in its terms, as to render every right or defense to which the accused is entitled practically

available to him on the trial. 1 Bishop on Crim. Proc.,
sec. 507.

Now let us make a practical application of the fore-
going rules to the case of a druggist indicted for the
illegal sale of intoxicants. The statute contemplates
that intoxicating liquors may be prescribed by physi-
cians and used for medicinal purposes. Hence, the law
authorizes their sale by all licensed druggists, provided
the purchaser shall first procure a prescription therefor
from a registered physician. When a druggist is
indicted for the violation of this statute, he must rest
his defense, if he has any, upon a prescription or pre-
scriptions, issued by a regular registered physician of
the state. If the purchaser of the liquor is not named
in the indictment, how can such a defense be made
available to the accused? Until the defendant is thus
advised, how can he make his plea? How can he pre-
pare for trial? Under what circumstances can he safely
announce himself ready for trial? With no knowledge
of the evidence upon which the state relies for a convic-
tion, must he take with him to the trial all prescriptions
filed during the year next preceding the indictment?
And must he also prepare himself with the necessary
proof that each prescription was signed by a registered
physician? He may have prescriptions given by physi-
cians in different and distant parts of the state. These
are practical questions, and they are earnestly urged by
the defendant's counsel, as arguments against the
soundness of Judge Philips' decision. It is the well-
settled law in this state that an indictment for selling
liquor without a license as a dramshop-keeper need not
give the name of the purchaser. *State v. Ladd*, 15 Mo.
275 ; *State v. Spain*, 29 Mo. 415 ; *State v. Jacques*, 68
Mo. 260. These cases are cited and relied on by the
Kansas City Court of Appeals as affording authority for
its conclusion, but in our opinion they are entirely inap-
plicable. In the indictment for such an offense there is
no necessity for the defendant to be advised of the name

of the purchaser. His license as a dramshop-keeper, if he has any, will afford to him a complete defense as to all sales. But, if a dramshop-keeper was charged with selling whiskey to a minor, common sense would suggest that the minor to whom the liquor was sold ought to be named in the indictment. In the absence of such an averment, how could the defendant be reasonably expected to meet such an accusation?

We, therefore, conclude that the defendant's second objection to the information was well taken, and that the trial court erred in refusing to quash it.

Our conclusion is that the judgment of conviction in this case must be set aside and the defendant discharged. But, as our decision is opposed to that of the Kansas City Court of Appeals in the case cited, the case will be certified to the supreme court for final disposition. All the judges concurring, it is so ordered.