The State v. Martin.

---

THE STATE v. MARTIN, *Appellant.*

1. **Pleading, Criminal:** DRUGGISTS AND PHARMACISTS : SALE OF INTOXICATING LIQUORS. An indictment or information against a druggist for an illegal sale of intoxicating liquors must state the name of the person to whom the sale is alleged to have been made. ( Overruling *State v. Elam*, 21 Mo. App. 290.)

2. ———— : ———— : DEFECTIVE INFORMATION : AMENDMENT. Where an information charging the illegal sale of intoxicating liquors is held defective in the appellate court for failing to allege the name of the purchaser, the cause will be remanded, in order that the information may be amended or a new information presented.

*Certified from St. Louis Court of Appeals.*

AFFIRMED.

*Nat. C. Dryden* for appellant.

The information is bad, because: *First.* It is not based on the affidavit of one having knowledge of the commission of the alleged offense, nor is it based on the personal knowledge of the prosecuting attorney. *Second.* It fails to set out the name of the person to whom the alleged illegal sale of the liquor was made by the defendant as a registered druggist. Hence, it fails

in certainty ; no intelligent defense can be made by a druggist to such a charge, and after conviction or acquittal under it, in case of a second prosecution, no plea of former conviction or former acquittal could be made to it. *State v. Elam*, 21 Mo. App. 293, which holds the contrary view, should no longer be followed.

*John M. Wood*, Attorney General, and *O. H. Avery*, Prosecuting Attorney, for the State.

The information is good and charges everything that the law requires. It need not state the name of the purchaser. *State v. Elam*, 21 Mo. App. 290 ; *State v. Jacques*, 68 Mo. 260, and cases cited. But should this court hold the indictment defective, then the prisoner should not be discharged, as this was a prosecution by information under section 4057, Revised Statutes, 1889, and may be amended ( sec. 4061 ) ; but the case should be reversed and remanded, thus giving the state an opportunity to amend its information to conform to the views of the court.

THOMAS, J.—An information was presented by the prosecuting attorney in the circuit court of Lincoln county, charging defendant with a violation of the statute in relation to druggists and pharmacists, by selling intoxicating liquors without license, and without proper prescriptions.

The case was sent by change of venue to the Hannibal court of common pleas for trial. Defendant filed a motion to quash the information, on the ground, among others, that it failed to set out the name of the vendee of the liquor, which was overruled. The information contained three counts. The state entered a *nolle prosequi* as to the third count, and, on a trial before the court without a jury, the court acquitted defendant on the first count but found him guilty as charged in the second count and assessed his punishment at a fine of $100. The case was appealed to the

St. Louis court of appeals, and how it reached this court will fully appear by the opinion of that court delivered by Judge Biggs, who, speaking of the failure of the information to give the name of the person to whom the alleged illegal sale of liquor was made, says: "The trial judge was evidently governed in his ruling on this question by the decision of Judge Philips, of the Kansas City court of appeals in the case of *State v. Elam*, 21 Mo. App. 290. It was flatly decided in that case that it was not necessary in an indictment or information against a druggist for the illegal sale of intoxicants to give the name of the purchaser. We have been unable to give our assent to that proposition. The general rule of criminal procedure is, and it is fundamental law, that the accused has the indisputable right to be informed specifically of the charge against him, in order that he may prepare his defense, and also to the end that the record of his acquittal or conviction may be a good bar in case he is again put on trial for the same offense. The indictment must be so definite in its terms as to render every right or defense to which the accused is entitled practically available to him on the trial. 1 Bishop on Crim. Proc., sec. 507.

Now let us make a practical application of the foregoing rules to the case of a druggist indicted for the illegal sale of intoxicants. The statute contemplates that intoxicating liquors may be prescribed by physicians and used for medicinal purposes. Hence, the law authorizes their sale by all licensed druggists provided the purchaser shall first procure a prescription therefor from a registered physician. When a druggist is indicted for the violation of this statute, he must rest his defense, if he has any, upon a prescription or prescriptions issued by a regular registered physician of the state. If the purchaser of the liquor is not named in the indictment how can such a defense be made available to the accused? Until the defendant is thus

advised, how can he make his plea? How can he pre-
pare for trial? Under what circumstances can he safely
announce himself ready for trial? With no knowledge
of the evidence upon which the state relies for a con-
viction, must he take with him to the trial all pre-
scriptions filed during the year next preceding the
indictment? And must be also prepare himself with the
necessary proof that each prescription was signed by a
registered physician? He may have prescriptions given
by physicians in different and distant parts of the
state. These are practical questions, and they are
earnestly urged by the defendant's counsel, as argu-
ments against the soundness of Judge PHILIPS' decis-
ion. It is the well-settled law in this state that an
indictment for selling liquor without a license as a dram-
shop keeper need not give the name of the purchaser.
*State v. Ladd*, 15 Mo. 275: *State v. Spain*, 29 Mo. 415;
*State v. Jacques*, 68 Mo. 260. These cases are cited and
relied on by the Kansas City court of appeals as afford-
ing authority for its conclusion, but in our opinion they
are entirely inapplicable. In the indictment for such
an offense there is no necessity for the defendant to be
advised of the name of the purchaser. His license as a
dramshop keeper, if he has any, will afford to him a
complete defense as to all sales. But, if a dramshop
keeper was charged with selling whiskey to a minor,
common sense would suggest that the minor to whom
the liquor was sold ought to be named in the indict-
ment. In the absence of such an averment, how could
the defendant be reasonably expected to meet such an
accusation? We, therefore, conclude that the defend-
ant's second objection to the information was well taken,
and that the trial court erred in refusing to quash it.
*  *  *  But as our decision is opposed to that of the
Kansas City court of appeals in the case cited the case
will be certified to the supreme court for final disposi-
tion."

The reasoning of Judge BIGGS is cogent and satisfactory, and his conclusion above given sound. We concur in both. The judgment will, therefore, be reversed, and as the defect in the information may be cured by amendment, section 4061, Revised Statutes, 1889, or the defendant may be held for any new information the prosecuting attorney may desire to present, the cause is remanded for further proceedings. All concur. '