THE STATE OF MISSOURI, Respondent, v. J. W. HARRIS, Appellant.

St. Louis Court of Appeals, January 19, 1892.

1. **Criminal Law**: UNLAWFUL SALES OF LIQUOR MADE BY DRUGGISTS: INFORMATION. An information for the sale of liquor, drawn under the statute appertaining to the sales of liquors by druggists, must charge that the liquor was not sold upon the written prescription of a physician, and must name the person to whom the liquor was sold; otherwise it is insufficient.

2. ———: ———: CONVICTION UNDER WRONG LAW. A conviction was obtained under the statute appertaining to the sales of liquors by druggists, but under an information which was insufficient for that purpose, and the jury were accordingly instructed that the minimum authorized fine was $100. *Held*, that the conviction could not be sustained under the dramshop law, even if the information and evidence were sufficient therefor, since that law authorized a minimum punishment of $40.

*Appeal from the Oregon Circuit Court.*—HON. JOS. CRAVENS, Judge.

REVERSED AND REMANDED.

No counsel for appellant.

*Braswell & Brooks*, for respondent.

THOMPSON, J.—This is a criminal information for the unlawful sale of intoxicating liquor. The appellant was convicted and sentenced to pay a fine of $100 and appeals to this court. He has not assigned errors in this court, nor filed any statement or brief; and we are not advised, except from what we can gather from the record, as to the ground upon which he prosecutes this appeal. Nevertheless we have looked carefully through

the record, as required by the statute, and have come to the conclusion that the judgment must be reversed.

The prosecution was upon the following information: " T. J. Braswell, prosecuting attorney, within and for the county of Oregon, in the state of Missouri, upon his oath of office informs the court that J. W. Harris and M. W. Harris, druggists and dealers in drugs and medicines, late of the county of Oregon and state of Missouri, on or about the eighth day of December, 1890, at and in the said county of Oregon and state of Missouri, did then and there unlawfully and wilfully and without legal authority sell intoxicating liquors in less quantity than one gallon, to-wit, one gill of whiskey, without then and there having any license or legal authority to authorize them so to do, against the peace and dignity of the state."

Rejecting as mere words of description so much of the above as describes the defendants as druggists, it seems that it states an offense under the dramshop law; and the evidence adduced at the trial seems to show an offense under that law. But under the statute touching druggists this information is insufficient, because it fails to negative the fact that the liquor was sold upon written prescription of a physician, which is an exception in the enacting part of the statute; and under the decision of this court in *State v. Martin*, 44 Mo. App. 45 (to which we must adhere until otherwise advised by the supreme court), the information does not state an offense under the druggist law, for the further reason that it fails to name the person to whom the liquor was sold. Nevertheless, the prosecution seems to have been conducted under the druggist law ; for the court instructed the jury that, if they should find the defendant, J. W. Harris, guilty, they should assess his punishment at a fine of not less than $100. This is the minimum fine under the druggist law (R. S. 1889, sec. 4621), but the minimum fine under the dramshop law is $40. Sec. 4583. As a conviction under the

information and evidence could only be had under the dramshop law, (since the information stated no offense under the druggist law), and as the jury were instructed to and did assess the minimum fine allowed by the druggist law, which is in excess of that allowed by the dramshop law, the judgment is reversed and the cause remanded. It is so ordered. All the judges concur.