STATE OF MISSOURI, EX REL. STATE HIGHWAY COMMISSION OF MISSOURI, RELATOR, v. HONORABLE JAMES C. McDOWELL, JUDGE OF THE 28TH JUDICIAL CIRCUIT OF THE STATE OF MISSOURI, AND OF THE CIRCUIT COURT OF MISSISSIPPI COUNTY, MISSOURI, RESPONDENT.—152 S. W. (2d) 223.

Springfield Court of Appeals.   May 20, 1941.   Rehearing denied

June 12, 1941.

*Ashby & Banta, Louis V. Stigall, Wallace Wilson* and *Wilkie Cunnyngham* for relator.

*Haw & Haw* for respondent.

BLAIR, P. J.—This is an original·proceeding in prohibition. The provisional rule was issued by this court at the request of the State Highway Commission to respondent as Judge of the 28th Judicial Circuit of Missouri, and particularly as Judge of the Circuit Court of Mississippi County, Missouri. · Respondent waived service of such rule and filed his return to our provisional rule, to which relator has filed its motion for judgment on the pleadings. There is, therefore, no issue of fact in this case.

There was pending in the Circuit Court of Mississippi County a certain condemnation proceeding, entitled "State of Missouri, ex rel. State Highway Commission of Missouri, Plaintiff, v. Charles M. Miller, et al., Defendants, No. 2196." Respondent as judge of said circuit court, had appointed commissioners, who, after duly qualifying, reported that they went and viewed the premises involved and made their report and fixed the compensation for the land taken. Condemnor, and at least part of the condemnees, excepted to such report and filed their exceptions in said circuit court. Condemnor paid into said circuit court the money reported by said commissioners to be due to the owners of lands involved, and entered upon and proceeded to grade the land described as a public highway. The said land, among other lands, included about twenty acres of land belonging to the General American Life Insurance Company, and said commissioners had awarded said General American Life Insurance Company the sum of $950 for the easement relator (condemnor) proposed to put upon said land. Neither condemnor nor 'said condemnee, General American Life Insurance Company, appear to have been satisfied with such award and appealed formally to the award of compensation by a jury. Thereafter, condemnee, General American Life Insurance Company, filed in respondent's court its motion to set aside the report of

the commissioners theretofore appointed, and to appoint new commissioners to view the land and fix the damages and compensation to be paid to said condemnees, on the ground that the report of said commissioners, on file in said circuit court, did not represent the real findings of said previously appointed commissioners and was made as it was because said commissioners "were informed and believed that the plaintiff (condemnor) and this defendant (condemnee) had agreed that said amount should be fixed by the commissioners as the sum to be paid to defendant, General American Life Insurance Company."

Said motion was taken under advisement by respondent and thereafter respondent, as judge of said court, claimed to have power and jurisdiction to set aside the report of the commissioners aforesaid and to appoint new commissioners in their place and stead and announced that he would do such acts unless prohibited from so doing.

Of such facts the relator took the position in his petition and argument that neither the Circuit Court of Mississippi County nor the respondent, as judge thereof, had any jurisdiction under the law to appoint new commissioners to make a new appraisal and award, for various reasons stated in said petition.

In his return respondent challenges the jurisdiction of this court to issue any preliminary or provisional rule in prohibition against him, because the Circuit Court of Mississippi County has full and complete jurisdiction of the subject matter and jurisdiction of the parties and that under Section 22, Article VI of the Constitution of Missouri, such jurisdiction is original and exclusive and the respondent has full power to make the order for new commissioners, if he sees fit, and to order a new appraisement, and that such matters are within his discretion as judge of said court and the attempt of this court to interfere with the power and jurisdiction of the respondent is in contravention of the provisions of said Section 22, Article VI of the Constitution of Missouri and of the rights of respondent thereunder and the provisions and protection of said section of the Constitution of Missouri, and such section is expressly invoked.

Respondent also urged Section 30, Article II of the Constitution of Missouri, providing that no person shall be deprived of life, liberty or property without due process of law, and Section 1 of the Fourteenth Amendment of the Constitution of the United States, providing that no person shall be deprived of life, liberty or property without due process of law or be denied the equal protection of the law, and pleads that condemnee, General American Life Insurance Company, is entitled, under Section 21, Article II of the Missouri Constitution and Section 1506, R. S. Mo. 1939, to fair and just compensation assessed by a board of commissioners of not less than three freeholders of said Mississippi County, appointed by said circuit court, and that respondent heard the evidence and determined that said condemnee

did not have such hearing before such a board of freeholders and "that to refuse to appoint new commissioners and have a true, fair and genuine assessment of compensation made by them would be to deprive said General American Life Insurance Company of its property without due process of law," etc., invoking in favor of said condemnee, General American Life Insurance Company, all of the Missouri and United States constitutional provisions heretofore referred to.

Respondent pleaded in his return that as soon as condemnee, General American Life Insurance Company, learned the fact that it had not been accorded the hearing to which it was entitled, is filed its motion for the appointment of new commissioners.

Respondent alleged in his return that "relator's petition herein does not state facts sufficient to constitute a cause of action against respondent or to entitle relator to the relief prayed for or to confer jurisdiction on this, the Springfield Court of Appeals, in this cause."

At no place in his return did respondent challenge the constitutionality of any of the statutes of Missouri.

Without waiving any of the aforesaid jurisdictional objections, respondent then proceeded to allege in his return that relator participated in his determination of said condemnee's motion for appointment of new commissioners and offered evidence on the said motion "and ought not now to be permitted to ask for, or be granted, the extraordinary remedy of prohibition against this respondent as prayed by relator." Respondent denied that the appointment of new commissioners would make relator or its employees trespassers or that any of the dire results predicted by relator in his petition would follow the appointment by respondent of new commissioners in this case.

Respondent ended his return by denying that relator has no adequate remedy other than by a writ of prohibition, etc. Wherefore, respondent asked that the preliminary rule heretofore issued in this cause be quashed and that this court proceed no further for want of appropriate jurisdiction and for his costs.

To such return, as before stated, relator filed its motion for judgment on the pleadings. Such motion was as follows:

"Comes now the Relator and moves the Court to enter judgment in favor of the Relator and against the Respondent on the pleadings and that the provisional writ of prohibition be made permanent in accordance with the prayer of Relator's petition herein, notwithstanding the return.

"As ground for its motion, Relator states that the Respondent's Return to the preliminary rule and order to show cause why a writ of prohibition should not be issued herein admits and confesses all of the facts alleged in Relator's petition sets up no facts in avoidance of Relator's cause of action; and the allegations and conclusions set up

in said return are insufficient in law to constitute a defense or to show that the Respondent, or the Circuit Court of Mississippi County, Missouri, has jurisdiction (or the (he) would not be acting in excess of jurisdiction) to make the threatened order in the cause entitled 'State of Missouri ex rel. State Highway Commission of Missouri, Plaintiff v. Charles M. Miller et al., Defendants, No. 2196,' pending in the Circuit Court of Mississippi County, Missouri, setting aside and voiding the report of Commissioners heretofore filed on June 25, 1940, and ordering said report, and all rights accruing thereunder, to be for naught held, and appointing three new commissioners to make a new appraisement (instead of ordering said new appraisement to be made by a jury, as was requested by both parties within the time provided by Section 1508, R. S. Mo. 1939.)''

The case is thus before us, and, as our jurisdiction to issue any writ whatever is challenged, that must necessarily be the first issue we must consider.

It appears that condemnor (relator) in a proceeding before respondent, as Judge of the Circuit Court of Mississippi County, sought to condemn certain lands in Mississippi County for highway purposes and that such proceeding included about twenty acres of the lands of condemnee, General American Life Insurance Company. Three commissioners were appointed and made their report, awarding $950 to said condemnee. Both condemnor and said condemnee, being dissatisfied with said award, filed exceptions to such report. Notwithstanding its said exceptions, relator paid the amount of said award into court and entered upon said lands and did work thereon. No jury has as yet passed on the exceptions of either condemnor or said condemnee.

Respondent proposes now to set aside the condemnation proceedings up to date and start over with the appointment of new commissioners, who, presumably, will make another report, to which exceptions will lie by either condemnor or any condemnee.

It is the contention of relator that in so doing respondent is exceeding his rightful jurisdiction and relator has called upon this court to issue its provisional rule in prohibition to keep respondent within his proper jurisdiction. If respondent can do as he proposes, he can do the same thing indefinitely. Can this court properly issue its writ to prohibit this alleged abuse or excess of jurisdiction? Is the constitution so invoked as to prevent such action?

At the outset, we will say that this court is not bound by any appearance of, or depositions taken by, relator at the time the motion of condemnee, General American Life Insurance Company, came up for hearing before respondent. Jurisdiction, or excessive jurisdiction, cannot be conferred by appearance or by agreement. Nor do we consider that the constitutionality of the statutes of Missouri, if relied on by respondent, has been properly or timely raised.

Respondent challenges our constitutional power and authority to issue the writ. We hope we have no such jurisdiction; but it is our duty, nevertheless, to examine into our power. The mere assertion of our want of such power is not enough. If it were, we would have to deny relief in many cases, and it is our duty to determine for ourselves whether or not we had power to issue our provisional rule, and whether or not it should now be discharged, for want of such power.

It has been held that a court of appeals, within its appellate jurisdiction, has the same jurisdiction within its territorial jurisdiction as the Supreme Court. [State ex rel. v. Nortoni, 201 Mo. 1, 98 S. W. 554.] In that case, and at page 25 of the Missouri Report, Judge BURGESS said:

"By section 3 of article 6 of the Constitution of Missouri, the Supreme Court is given a general superintending control over all inferior courts, with power to issue writs of *habeas corpus, mandamus, quo warranto* and other original remedial writs which, of course, includes writs of prohibition, and it has the same power to control the action of the Courts of Appeals with respect to their jurisdiction, and to prevent them from taking judicial action in excess of their jurisdiction, that it has as regards other courts of inferior jurisdiction. That the Courts of Appeals have the same power to issue original writs, and have the same control of all inferior courts that the Supreme Court has, when they have jurisdiction, or are not proceeding in excess of their jurisdiction, is not controverted, . . . ."

This court has the same appellate jurisdiction within its territorial limits that the St. Louis Court of Appeals possesses, and it cannot be doubted that this court has been given by the Missouri Constitution power to issue remedial writs and given superintending control over all inferior courts of record, within the appellate and territorial jurisdiction of this court, subject, of course, to the same right in the Supreme Court, with the additional power in the Supreme Court of superintending control over this court.

Respondent challenges the jurisdiction of this court on constitutional grounds. The mere challenge is not enough.

In The State of Missouri v. Elam, 21 Mo. App. 290, it was said by PHILLIPS, J., speaking for the Kansas City Court of Appeals:

"The jurisdiction of this court ought not to be ousted upon the mere suggestion of constitutional issues not reasonably presented on the face of the record. We must examine the record and determine whether such issue is substantially reviewable before we transfer the cause. Otherwise parties could play shuttlecock with cases between the two jurisdictions, to the undue annoyance of litigants, and the unnecessary delay of justice."

There must be a real constitutional question involved; something more than the construction of a statute. [Brookline Canning & Packing Co. v. Evans, 238 Mo. 599, 604, 142 S. W. 319.] A condemnation

proceeding is purely statutory. [Article II, Section 21, Missouri Constitution; State ex rel. City of St. Louis v. Beck, 333 Mo. 1118, l. c. 1123; 63 S. W. (2d) 814.]

There can be no question that the Circuit Court of Mississippi County, or the judge of said court in vacation, had exclusive jurisdiction to originate proceedings in condemnation. [Section 1504, R. S. Mo. 1939.] Section 1505, R. S. Mo. 1939, provides for notice. Section 1506 provides for appointment of commissioners, and Section 1507 provides for joining the several owners of lands in one proceeding in condemnation, and this court has full power to construe such statutes. In so doing we do not construe the constitutionality of any statute. We merely construe the statute as we find it.

While Section 1508, R. S. Mo. 1939 (Sec. 1344, R. S. Mo. 1929), provides for an appraisement other than the appraisement made by the commissioners such new appraisement shall, at the request of either party, be made by a jury under the supervision of the court, as in ordinary cases of inquiry or damages, and any subsequent proceedings shall only affect the amount of compensation to be allowed. This was asked by said condemnee, when it excepted to the report of the commissioners, and asked that a jury fix the compensation to which it was entitled.

That is the only new appraisement provided for by the statute and is an appraisement by a jury. The proceeding by appointment of new commissioners is unheard of and respondent's right and power, as judge of said circuit court, have clearly been and will be exceeded, if he is permitted to appoint such new commissioners. We so hold by a simple construction of the statute. The remedy by exceptions to the report of commissioners appointed by a court, or a judge thereof in vacation, is provided for by the statute, and the award of such compensation by a jury on exceptions seems to be exclusive. If condemnor or any condemnee is not satisfied with the award made by said commissioners, the sole and exclusive remedy under the statute (Sec. 1508, R. S. Mo. 1939), is by exceptions to the report of the commissioners and subsequent trial of the issue of compensation by a jury. No party has any other remedy under the statute save by appeal from the award of the jury.

By asserting his right, as judge of said circuit court, to appoint new commissioners, and, in effect, to start proceedings over again, after his jurisdiction has once been invoked, is a clear excessive use of his ordinary jurisdiction, as judge of said court, as fixed by said statute, and the threatened appointment of new commissioners and later report by them, should be prohibited by this or any other court exercising superintending control over respondent.

Our provisional rule in prohibition against respondent, which we had ample power to issue, should be made permanent. It is so ordered. *Smith* and *Fulbright, JJ.*, concur.