STATE of Missouri ex rel. Clifford MORTON and Lulubelle Morton, Relators,

v.

Honorable Emery W. ALLISON, Judge of the 25th Judicial Circuit of Missouri, Respondent.

No. 49632.

Supreme Court of Missouri,

In Banc.

March 11, 1963.

Weldon W. Moore, Rolla, for relators.

Robert L. Hyder, Bruce A. Ring, Jefferson City, for respondent.

EAGER, Judge.

This is a proceeding in prohibition initiated in the Springfield Court of Appeals; a preliminary rule was there issued and later made absolute. The opinion appears at Mo.App., 357 S.W.2d 733. We ordered the case transferred here primarily because it involved an interpretation of our Rule 86.06, V.A.M.R., concerning condemnation proceedings. Once it is here, we consider the case as if it had originated in this court.

The facts are very adequately stated in the opinion of the Court of Appeals, and we shall not need to relate them again in detail. On April 3, 1961, the State Highway Commission instituted a condemnation proceeding for the acquiring of certain land for right of way and to establish the limitation of access along approximately seven miles of new Highway No. 63 in Texas County. We are only concerned with land owned by relators Morton and located in the town of Houston, apparently at the very south end of the stretch. After the Commissioners had filed their report assessing the damages, and on or about May 15, 1961, the Commission elected to and did timely file its written abandonment of the proceeding as to relators' land, as permitted under § 523.040 RSMo 1959 and Rule 86.06. There is no showing and no fair inference on this record that the proceeding was thus abandoned because of the amount of the award. On August 10, 1961, the Commission filed a new suit describing the land to be appropriated by a different description. Relators thereupon filed their motion to dismiss the second suit, alleging that "the land and the abutters' right of direct access shown * * * is a part of the lands sought to be condemned" previously, and that the institution of the second suit constituted a violation of Rule 86.06. The trial court overruled the motion and indicated that it would proceed; this action followed.

By way of clarification at this point, Rule 86.06 of our Rules of Civil Procedure, promulgated in an effort to supply deficiencies and generally to clarify condemnation procedures, provides in part as follows: "If such appropriation be so abandoned as to any property, proceedings for the condemnation of the same property shall not be instituted again within two years after such abandonment."

It has been the Commission's basic position throughout this proceeding that the description in the first condemnation petition was so wholly erroneous and impossible of application, even by a surveyor, as to be *void;* that the court thus acquired

no jurisdiction in the first suit and that Rule 86.06 is inapplicable. It further says that in large part this was due to the erroneous location of a quarter quarter section corner used as a fixed monument, which error (as applied with the stated distances) altered the location of the right of way lines and the location of the property desired; also, that not even a surveyor could locate *any* property from the description given in the first suit, there being no correct, fixed monuments; and that the center lines shown on the plan as filed were merely survey lines, dependent upon fixed and true monuments, so that even the filed plan did not and could not support a description. In Sassman v. State Highway Commission, Mo.App., 45 S.W.2d 1093, as pointed out by the Court of Appeals, it was held that proceedings which describe other and different land from that actually taken are a nullity in so far as concerns the owner's rights in the land so taken. Judge Ruark, with considerable effort and sagacity, determined that this description (in the first case) though *not good,* could be located when considered with the plan on file, and that it vested the Court with jurisdiction. We defer to his conclusion, knowledgeable as he is in the sometimes devious realms of real estate descriptions. The writer feels certain that he could add nothing to the storehouse of legal knowledge by reviewing this conclusion, nor is it imperative that we do so, in view of our ultimate decision. At this point, however, we emphasize *with approval* the following statements of Judge Ruark: "We think the statute and the rule contemplate that the condemnor shall describe the land and rights sought with such particularity that the owner can, without too much difficulty, *ascertain exactly what is being taken.* * * * A description which relies upon highway stations alone, although, in most instances, intelligible to a qualified surveyor with the highway plans in his hands, is incomprehensible to the average man, and too often to his attorney, and such has been the source of not infrequent complaint. We think it is not asking too much to say that the owner's lands should be described by metes and bounds referenced to congressional section corners, recorded plat, or fixed and readily ascertainable monuments."

We thus conclude, as did the Court of Appeals, that the trial court acquired jurisdiction of the first suit.

■ In some instances, errors in description or a change in plan may be taken care of adequately by amendment, even after the report of the Commissioners has been filed. See, generally: State ex rel. State Highway Commission v. Deutschman, 346 Mo. 755, 142 S.W.2d 1025; Union Electric Co. v. Levin, Mo.App., 304 S.W.2d 478; City of St. Louis v. Senter Commission Co., 336 Mo. 1209, 84 S.W.2d 133. Amendments have thus been permitted to reduce the amount of property taken, to reduce the scope or extent of the easement condemned, or to reduce the damage or injury inflicted. And we agree with the Court of Appeals that, generally, amendments should be liberally allowed. But there seems little doubt that, after a report of Commissioners has been filed, amendments will generally not be permitted which would include different or additional lands, which would substantially change the issues, or which would prejudice the rights of the opposing parties. See authorities cited in footnote 9 at 357 S.W.2d loc. cit. 738. We need not go into the reasons for all that; it will suffice to say that in such cases, the owners would not have received through the report of Commissioners and the payment of the award into court, even a presumed measure of compensation for the additional property taken or burdens so sought to be imposed. In this case, we need pursue no further the availability of the amendment procedure, for the Commission elected to, and did, *abandon* the original proceedings in toto as to this land. Any discussion here of its right to amend would be purely academic. Neither did it attempt by motion to have the report set aside, and to obtain an order reconvening the Commissioners to reconsider the matter upon the changed descrip-

tion, thus looking to a new assessment; however, had it done so that procedure would have been ineffective, for there is no statutory authority for it. State ex rel. State Highway Commission v. McDowell, 236 Mo.App. 304, 152 S.W.2d 223. The only recourse (aside from abandonment) is a reassessment by a jury upon exceptions duly filed, either on the same description or perhaps on one amended within the limit and scope indicated by our cases. We find no reason here to re-examine the McDowell case, supra.

The second suit here did not involve any substantial change of plan for the improvement generally, as found in City of St. Louis v. Franklin Bank, 351 Mo. 688, 173 S.W.2d 837. In our case there was simply an error, or a combination of errors, in describing the tract of Relators which the condemnor wished to take in accordance with its one and only established plan. Under these circumstances, there could be no justification for a new suit upon the theory of a change in plan.

■ We thus end up in the same position as did the Court of Appeals, i. e., what is the effect of Rule 86.06 in this situation? It was very obviously enacted primarily to prevent the harassment of property owners by a condemnor who might choose to seek successive awards until, perchance, it might get one which it considered favorable. Such a practice is not to be countenanced. The amount of the award of the Commissioners here is not even shown, and there is nothing to indicate that the first proceeding was abandoned because the award was deemed excessive. It is true, as stated by the Court of Appeals, that a property owner may also be harassed by "mistakes or incompetence" of the condemnor. The first and primary element to be considered is the question of *good faith,* namely, whether the Commission acted in complete good faith merely to correct an honest error in its initial description. There is nothing in our record to indicate that it did not, although the parties have not

brought here the evidence which was supposedly introduced at the hearing on the motion to dismiss the second suit. We gather that this consisted merely of matters of record. On the question of good faith, generally, in instances of abandonment, see Rogers v. City of St. Charles, 3 Mo.App. 41, and Center School Dist. No. 58 of Jackson County v. Kenton, Mo., 345 S.W.2d 120, although in neither case was Rule 86.06 or any similar principle or rule of law directly involved. A rule such as this should be construed so as to effect the object sought to be accomplished, but not so as to work unreasonable hardship when the circumstances are not within its real objective. We conclude that the question of good faith is controlling here, where the abandonment and reinstitution of suit have purportedly been effected in order to correct honest errors.

■ We also note the following: if, as determined by Judge Ruark, a tract could be located from the first description, it would have been a tract almost wholly different from the one encompassed by the second, and supposedly correct, description. The real mistake in the first suit seems to have been a failure to describe the tract which the Commission actually wanted and which it was attempting to take, assuming, as we have, that the description did describe some property. The net result of all this was that the second description included, as a very *minor* fraction, a part of the property included in the first description. We would perhaps be justified in holding the Rule to be inapplicable here for the reason that the two suits did not involve the "same property," and we do rely upon this as an additional reason. While the rule may not contemplate that the tracts in the two cases need be in all respects identical, we believe that ordinarily they should comprise *substantially* the same property in order to come within its prohibition.

■ The rule in prohibition is hereby discharged. The trial court is directed that it shall, in the pending condemnation case

(No. 7432), upon motion of a party or upon its own motion or order to show cause, consider and find whether or not the erroneous description and consequent abandonment of the first suit, and the institution of the second suit, were: (1) in fact caused by good faith errors and mistakes on the part of the condemnor; or (2) with any purpose or intent to harass Relators or to procure a more favorable assessment; and further, if its finding shall be as in (1) above, to permit the second suit to proceed in normal course, otherwise to dismiss it. We note that the period of time already elapsed has almost made this matter moot, but the question should be ruled, and it is a live issue at this time.

The rule in prohibition is discharged, with directions to the Circuit Court of Texas County, as aforesaid.

All concur.