STATE of Missouri ex rel. STATE HIGHWAY COMMISSION of Missouri, Appellant,

v.

George M. POLK et al., Exceptions of Donald H. Smalligan et al., Respondents.

No. 54750.

Supreme Court of Missouri, Division No. 2.

Nov. 9, 1970.

Robert L. Hyder, Earl H. Schrader, Jr., Frank O. Benson, Kansas City, for appellant.

James E. Grier, Kansas City, for respondents; Hillix, Brewer & Myers, Kansas City, of counsel.

HENRY I. EAGER, Special Commissioner.

On June 9, 1966, plaintiff filed suit to condemn sundry tracts of real estate in Jackson County, to be used in making a part of U. S. Highway 50 a divided and limited access roadway. One of the tracts was that of the Respondents Smalligan. This was a very irregular tract in Lee's Summit. The petition described this tract (actually considered as two tracts) as located within the west 20 rods of the east 44 rods of the SW ¼ of the SW ¼ of Section 6, Township 47 W, R 31 W, and "containing a total of 1.41 acres of new land for right-of-way"; there then followed a full description of each tract by metes and bounds, using therefor center line "stations" on the highway according to the plan on file. Tract A began at the "Southwest corner of Section 6," and the two tracts adjoined.

On August 19, 1966, certain formal evidence was adduced by plaintiff and on or as of that date the Court entered an order of condemnation and appointed commissioners. On December 13, 1966, the commissioners filed their report. For the land in question they awarded the sum of $54,-750, using therefor the precise descriptions contained in the petition. Plaintiff filed exceptions on December 22, 1966; defendants did not file exceptions until December 27, 1966. Each requested a new appraisal of net damages by a jury.

On January 10, 1967, plaintiff paid the amount of the award to the clerk. On February 7, 1967, an order was entered for the payment of the award by the clerk to the Smalligans (whom we shall refer to as the defendants) and it was paid to them. The money has since been retained, and the highway has been built.

In so far as our record shows, nothing further was done until April 8, 1969, when

plaintiff filed a motion asking leave to amend paragraph 22.10 of its petition (referring to the Smalligan land) by substituting the figure 1.58 for 1.41 in stating the total acreage of the land taken or, in the alternative, by striking the words "containing a total of 1.41 acres of new land for right of way." It was stated that the amendment was sought to correct a mathematical error in calculating the area, and that it did not in any manner alter or increase the land described.

On April 28, 1969, defendants filed their motion to dismiss the cause as to them and, more specifically, paragraphs 22.0 through 22.16 of the petition. Out of this motion the present controversy has arisen. In substance, the defendants alleged: that the Court had no jurisdiction over the subject matter (so far as their land was concerned) and that the proceedings were void because plaintiff had described defendants' land as containing "1.41 acres of new land," and that the commissioners had made their award "for '1.41 acres' of land," whereas defendants and recently discovered that the area was 1.58 acres, and that plaintiff had failed to comply with Chapter 523, RSMo 1959, V.A.M.S.; that defendants had been prejudiced by the incorrect assumption of the commissioners, that their report could not be corrected or the commissioners reconvened, that new commissioners could not be appointed, and that the amendment which plaintiff sought would substantially change the issues. Defendants further alleged that the commissioners "could not and did not assess the damages" because of the misconception, and that to proceed with the condemnation on the exceptions would deny defendants their right to just compensation under Article I, Section 26, Mo.Constitution, V.A.M.S., and would also deprive them of due process.

These motions were argued extensively to the Court, as shown in the record. Certain statements should perhaps be noted as admissions, though most of the argu-

ment is immaterial here. There is some tendency in the briefs to substitute such statements for evidence. There was *no* evidence heard, even as to the actual acreage. Plaintiff's counsel admitted that there had been a "miscall" of the acreage, and that the state was willing to stipulate at any further hearing that 1.58 acres had been taken. There was some colloquy to the effect that the state had offered $54,000 or $54,750 in settlement at some time, but we deem that matter relatively immaterial, and as affording only a basis for speculation. It seems to have been agreed, by inference at least, that the land actually taken had been staked out by plaintiff before the commissioners viewed it. On May 19, 1969, the Court entered an order sustaining the motion to dismiss and dismissing the proceedings as to these defendants; it further overruled the motion for leave to amend. This appeal followed.

Plaintiff's first two points may be considered together. They are, in substance: that it correctly described the property in its petition, that the Court had jurisdiction and that the statement of the acreage was surplusage; and further, that there would be no substantial change in the issues or any prejudice to defendants if an amendment were permitted. Its third point is a claim that defendants are estopped by keeping the money and claiming the land. Defendants insist that the action of the trial court was correct and that it had no jurisdiction over the subject matter because of plaintiff's failure to describe properly in its petition the land of defendants, as required by Article I, Section 26, Mo.Constitution, Chapter 523, RSMo 1959, V.A.M.S., and Civil Rule 86.04. They further deny that there is any estoppel.

The cited section of our Constitution requires that in such a proceeding as this there shall be "just compensation," but it further states that this shall be determined "by a jury or board of commissioners * * * as may be provided by law." Sec-

tion 523.010, RSMo 1959, V.A.M.S. requires that a condemnation petition shall include "a description of the real estate * * *." It also provides that the report of the commissioners shall contain a description of the property. Civil Rule 86.04 requires that the petition "shall contain a description of the property * * *." None of these require a statement of the acreage. Plaintiff cites two cases; defendants cite three, but two of the three are those also cited by plaintiff. At no point in the trial court did defendants claim that the metes and bounds description of the property was incorrect or insufficient. They now say that it should have used section corners or some like monuments as guides rather than the "stations" from the highway plan on file, citing State ex rel. Morton et al. v. Allison, Mo., 365 S.W.2d 563. In the first place there were some references in this description to quarter sections and a section corner, but in any event the suggestion is wholly unavailable, since it is raised for the first time on appeal. We shall only consider whether the addition of the acreage call rendered the description insufficient and whether the figure so used is subject to amendment. Defendants have not briefed any constitutional questions. Plaintiff's counsel offered to stipulate that the acreage was 1.58 instead of 1.41, and we shall consider this fact to be true, although no evidence was heard. Unfortunately this controversy did not arise until more than two years had elapsed after the report of the commissioners and the payment of their award. We may note here that there is no provision in our law for setting aside the report of the commissioners and reconvening them, nor is there any provision for the appointment of new commissioners. State ex rel. Morton et al. v. Allison, Mo., 365 S.W.2d 563. Thus, this proceeding is either ended, or plaintiff amends and the parties proceed to a trial before a jury on the exceptions.

The three cases cited are: Morton, supra; State ex rel. County of Mississippi v. Stallings, Mo., 434 S.W.2d 588; and (by defendants) Sassman v. State Highway Commission, Mo.App., 45 S.W.2d 1093. None of these are precisely in point. In Morton, suit was filed to condemn certain property in Houston, Missouri; the case proceeded to the stage of an award by commissioners. The plaintiff discovered that its description of that particular defendant's property only covered a minor portion of the tract which it intended to condemn, along with other and different property. Within the time allowed by statute it filed an abandonment of the proceeding and filed a new suit with a correct description. After a motion to dismiss was overruled defendants filed an application for a writ of prohibition, basing their contention on Rule 86.06 which, generally, forbids a new action within two years after such an abandonment. The Springfield Court of Appeals granted the writ, and the cause was transferred to this Court. We held: that the purpose of the rule was to prevent the harassment of property owners by successive suits when and if the plaintiff was dissatisfied with an award; that the rule should not be applied in case of an honest, good faith error, where there was no suggestion of such harassment; that amendments should be liberally allowed in condemnation cases, but not those which would include different or additional lands, change the issues, or prejudice the defendants; that in some cases amendments may be made even after the report of the commissioners, such as a reduction of the amount or scope of the property or rights taken, or to reduce the damage inflicted. The Court further noted that the plaintiff should describe the land to be taken with such "particularity" that the owner could ascertain exactly what was being taken without too much difficulty. The Rule in Prohibition was discharged by this Court and the trial court was directed to determine whether there was or was not merely a good faith error, and if there was, to permit the second suit to proceed. The opinion is only valuable here because of its

discussion of permissible and nonpermissible amendments; it differs materially from our case on the facts.

In State ex rel. County of Mississippi v. Stallings, Mo., 434 S.W.2d 588, the strip of land described in a petition for the condemnation of land for a road was entirely different from that intended, and it seems to have been wholly within the bounds of the existing road. The Court repeated the rule stated above concerning permissible amendments, and reversed an order of the trial court which had amended the petition and judgment long after the report of the commissioners had become final. There the amendment designated a wholly different strip of land from that originally described. It was indicated in the opinion that the remedy would be a new proceeding. In Sassman v. State Highway Commission, Mo.App., 45 S.W.2d 1093, the descriptions contained in the condemnation petition and in the proceedings which followed did not include any portion of the land actually taken. The owner had called this to the attention of the representatives of the Highway Commission but they did nothing. After possession was taken the owner filed a suit for damages and was nonsuited in the trial court. The Court held on appeal that the land taken had not been described in the petition or report as required by law, and that the proceedings were void.

■ Morton, supra, did not actually involve an amendment but a new action within less than two years; Stallings held that a late amendment could not be made wherein an entirely different piece of land was described; Sassman involved a similar situation. In our case no one contends that the metes and bounds description did not properly describe the land taken and *all* of it (except for the argument concerning the use of "stations" which we disregard, as already noted). The question is, did the unnecessary recitation of the acreage, wrong by .17 of an acre, vitiate the whole description so as to make the proceedings

void? We hold that it did not. There is no suggestion here that any bad faith was involved, and the whole record indicates that in the trial court both parties considered this as a good faith error or mistake. It is obvious that the computation of acreage on a tract shaped like this one would be somewhat difficult. Upon trial before a jury, where the report of the commissioners will not even be admissible, defendants will have the right to show the full acreage (if indeed it is not stipulated), along with expert testimony on its valuation.

Defendants' contention that the valuation fixed by the commissioners was based upon the square footage of 1.41 acres is speculative. There is no showing in this record as to what method was used by them. It is true that their description included the 1.41 acre reference, but the land was staked out and their award was, of course, in a lump sum. The report of commissioners simply passes out of the case when exceptions are filed. Counsel say that defendants have been deprived of having a legal and valid award by commissioners and are therefore prejudiced. They would have been deprived of the advantage of *any* award upon the filing of exceptions by plaintiff, and we certainly may not assume that plaintiff would have failed to except to a greater award. There were vague references in the argument to the trial court concerning a supposed offer of settlement of $54,000 or $54,750; these statements do not prove themselves as facts. Counsel for defendants seem to argue, directly or by inference, that if there had been a higher award (as they assume there would have been on a change in the acreage) plaintiff would have been more likely to settle the case. This is simply too speculative to merit serious attention; and, incidentally, plaintiff's counsel insisted that in no event would he have offered more.

The statement in Morton, supra, to the effect that upon amendment landowners

would not have received through a report of commissioners and the payment of an award "even a presumed measure of compensation for the additional property taken * * *," was confined to those situations wherein the Court had previously held that amendments would not be permitted. We shall refer to them again later. We give no credence to the argument that if we permit this amendment it would encourage or tempt the Highway Commission's representatives to underestimate the acreage purposely in future condemnation descriptions, thus to obtain, presumably, lower awards. We shall not attribute such base motives to our public officials, and we question that the argument should even have been made.

Reverting to the principle stated (Morton and Stallings, supra) as to when amendments may be permitted, we hold, for the reasons already stated, that the proffered amendment here: (1) would not include different or additional lands; (2) that it would not substantially change the issues; and (3) that it would not prejudice the rights of defendants. As to (3), defendants will have a full and complete trial before a jury on any and all evidence of acreage and value which they may care to offer. On the other hand, if the amendment is not permitted the plaintiff may be definitely prejudiced. The trial court's order would seem to have completely vitiated plaintiff's taking and its title, if the order is affirmed. A new suit would require a new taking as of a far different and later date, and under wholly different circumstances. The road has been built and the question of access might be highly material, although the record does not speak clearly on that. In view of the foregoing it is unnecessary to consider the contention of estoppel.

The judgment of dismissal is reversed. The cause is remanded with directions to the trial court to set aside its order of dismissal and permit plaintiff to amend its petition by substituting (as requested by it) in paragraph 22.10 the figure 1.58 in place of the figure 1.41 "pertaining to the total acres of new land taken." This is the acreage which defendants say is in fact correct. The Court will thereafter proceed as required by law in view of the exceptions filed. The report of the commissioners need not be amended, for it has become functus officio.

It is so ordered.

PER CURIAM:

The foregoing opinion by HENRY I. EAGER, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.