ODON GUITAR, Jr., Executor, et al. v. WILLIAM
S. ST. CLAIR, Appellant.

Division One, December 23, 1911.

1. **PLATTING CITY PROPERTY: Vesting Title to Street: Plat to be Construed as a Whole.** Under the statute (Sec. 10294, R. S. 1909) a recorded plat of a plot of ground within a city, has the effect to vest title to a street thereon in the city, the same as if it had been dedicated by deed. But a plat, like a deed, must be construed as a whole. Parties claiming under a deed can take only what the deed in fact conveys; not what it may be surmised the grantor intended to convey. The plat is not to be taken to pieces. It is to be taken as a whole.

2. ——: ——: ——: **Rights of City and Subsequent Purchasers.** The rights of the city and of individuals, in so far as they are derived from the plat, date from its filing; a purchaser of a lot after the plat is filed acquires a right to the streets and alleys in so far as they affect his property.

3. ———: ———: ———: Including Street Not Owned: Contribution from Lots. Where the owner of land platted it by lots, and made the lots include all the land she owned, and in addition made it include a twenty-foot strip she did not own as a street and the plat was approved and accepted by the city, and recorded, and lots were sold with reference thereto, the court cannot adjust the matter by reforming the plat to the extent of taking the twenty-foot strip from the lots of the purchasers. The owner had no right to dedicate the twenty-foot strip she did not own; she did· have a right to sell the lots she owned, as shown on the plat. If the city approves and accepts the plat, and lots are sold on the faith of it, the city's right to what the plat gives is not superior in quality or prior in time to the rights of purchasers. In such case the dedication of the twenty-foot strip as a street fails, even though the owner of the lots supposed she owned the strip and was attempting to dedicate it as a street. And the court cannot. compel the purchasers of the lots to surrender twenty feet off of their lots to be used as a street.

4. ———: Monuments: Subdivision Line of Sections. A subdivision line in the center of a section is not a monument. It is not visible, and is ascertained only by measurement. A description in a plat calling for it as a boundary line does not take precedence over distances.

5. ———: ———: Center of Unextended Street. Nor is the center of the extension of a street called for as a boundary line of the land described in the plat, a fixed monument, and the rule of law does not require a description by distances to yield to it. But a street already constructed along the property, whose line is used as a starting point, is a fixed monument.

Appeal from Boone Circuit Court.—*Hon. Nat M. Shelton*, Special Judge.

REVERSED AND REMANDED (*with directions*).

*W. M. Williams* and *Sebastian & Sebastian* for appellant.

(1) Mrs. Dysart could only lay out an addition to the city of Columbia to the ground owned by her. The statute expressly provides that the plat shall describe the lots by numbers "and their precise length and width." She did not own the twenty feet as shown

on the west side of the plat. The plat itself shows that the twenty feet is beyond her boundary. Defendant is not in possession of any part of said twenty feet. (2) The plat is, in legal effect under the statute, a conveyance to the city of Columbia of the ground marked thereon as ·a public street. The plat is to be construed the same as if a conveyance by the same description as contained in said plat had been made by Mrs. Dysart to the city of Columbia of the ground marked as an extension of Third street. (3) The plat must be construed according to the intention of the party ·executing it, as gathered from the paper itself and the surrounding conditions. Missouri Inst. v. How., 27 Mo. 311. (4) The Guitar plat contains the northern extension of third street and it is marked forty feet wide on the Guitar plat. At that time, there was an open way answering this description on the east side of the Guitar tract, and it remained open until about a year before this suit is brought. The Guitar plat amounts to a dedication of a street forty feet wide as the north extension of Third street and a conveyance of the tract of land shown thereon to be Third street in the city of Columbia. Hannibal v. Draper's Heirs, 36 Mo. 332. (5) Defendant's lots cannot be cut down to less than the length and width given on the plat in order to take part of these lots for the extension of Third street. The plat must state the "precise length and width" of the lots. R. S. 1909, sec. 10290. The purchaser had the right to rely upon the plat and to claim what the plat gave him. The plat does not show that any part of the lots claimed by him are portion of the extension of Third street. (6) Plaintiffs did not buy any of the lots in Dysart's addition relying upon the plat, and can only have such rights as may accrue to them through the title of the city of Columbia. (7) Plaintiffs showed no such special damages as entitled them to institute this suit. It does not appear from the evidence that ingress or

egress to and from their property is interfered with. The only testimony upon the subject of damages is that lots fronting upon a narrow street are not as valuable as if it was wider. This is insufficient to authorize the maintenance of a suit in equity in their behalf. The city has an ample remedy by ejectment. Baker v. McDaniel, 178 Mo. 447; Morris v. Prudden, 23 N. J. Eq. 530. (8) There are large forest trees growing on the ground within defendant's inclosure, which ground is claimed to be a part of the street. Evidently the city has not opened up that ground for public travel, and it is not for the plaintiffs to do so. It is within the discretion of the city to open or not open this ground as a street, even if it was dedicated by the plat for that use, and plaintiffs, without the consent of the city and without making it a party to the proceeding, cannot open it as a public street. Baker v. McDaniel, 178 Mo. 447; Downend v. Kansas City, 71 Mo. App. 534; Taubman v. Lexington, 25 Mo. App. 226; Downend v. Kansas City, 156 Mo. 60.

*Gillespy & Conley* and *E. W. Hinton* for respondents.

(1) The east half of the northern extension of Third street is a public highway. There are two ways of dedicating streets, statutory and common law. To constitute a statutory dedication all that is necessary is that the plat shall be made, acknowledged, certified and recorded. R. S. 1909, sec. 10294; Reid v. Board of Education, 73 Mo. 304; Downend v. Kansas City, 71 Mo. App. 529. Such a dedication vests the fee for street purposes in the city in streets indicated on the plat and dispenses with the necessity of an acceptance. (See cases supra.) Brown v. Carthage, 128 Mo. 17; Buschman v. St. Louis, 121 Mo. 523; California v. Howard, 78 Mo. 88; Hill v. Hopson, 150 Mo. App. 611; Landis v. Hamilton, 77 Mo. 554; Kemper v. Collins, 97 Mo.

644; State v. Bradley, 31 Mo. App. 308; State v. Walters, 69 Mo. 463. The plat of Dysart's Addition and all parts of it including those parts expressly dedicating streets were accepted by the city. This action not only made the streets public highways but imposed on the city responsibility for their maintenance. Brown v. Scruggs, 141. Mo. App. 636; Ely v. St. Louis, 181 Mo. 724. The right to the use of streets dedicated by a plat is one that inures to the benefit of lot owners in the addition and to all others who may have occasion to use the street. Heitz v. St. Louis, 110 Mo. 618. All acquiring title from the original proprietor are estopped from asserting that streets indicated on the plat are not public. City of Hannibal v. Draper, 36 Mo. 332; City of Hannibal v. Draper, 15 Mo. 634; Baker v. Vanderburg, 99 Mo. 378. (2) Though the ground platted is short twenty feet this cannot be taken off the street. The starting point in a description is not of more importance than other calls. Hubbard v. Whitehead, 221 Mo. 672; Combs v. Valentine, 144 Ky. 184; Cannon v. Emmons, 44 Minn. 294; Mining Co. v. Min. & Mill Co., 183 Fed. 51. The grant of the street to the public was prior in time to the grant to defendant's ancestor in title, Hoffman. In such case the prior grantee must have all his land before the subsequent grantee takes anything. Kellogg v. Mullen, 45 Mo. 571; Van Amburgh v. Randall, 115 Mo. 607. Where two deeds from the same grantor conflict as to the boundary line, the older grant controls. 4 Am. and Eng. Ency. Law (2 Ed.), 808, and note 2; Kruby v. Lonseth, 116 Pac. 26. Street lines as shown by a plat must prevail over lot lines, even though the latter are shortened. Brown v. Carthage, 128 Mo. 10. Distance yields to course, lines and monuments. Combs v. Valentine, 144 Ky. 184; McCroskey v. Wilson, 144 Ky. 377. (3) Injunction by private lot owners is a proper proceeding to remove obstructions from a public street, where the damage to the lot own-

ers is special.   Sugar Refining Co. v. Elevator Co., 82 Mo. 121; Cummings v. St. Louis, 90 Mo. 265; Thomas v. Hunt, 134 Mo. 398; Fisher v. Railroad, 135 Mo. App. 37; Rude v. St. Louis, 93 Mo. 414; Mfg. Co. v. Railroad, 113 Mo. 315; Schopp v. St. Louis, 117 Mo. 135; Atterbury v. West, 139 Mo. App. 180.   For the abutting property owner has the same right to the use of the street that the public has, and in addition thereto he has rights which are special to himself, as the right of ingress and egress and this right is a property right which he may protect by injunction.   See cases supra. Also Ferrenbach v. Turner, 86 Mo. 416; Glaessoner v. Brewing Ass'n, 100 Mo. 508.   The public may own a street by prescription and still the city will not be responsible for its maintenance.   Their rights are independent.   Downend v. Kansas City, 156 Mo. 70.   The erection and maintenance of a structure on a public street or sidewalk that obstructs travel is a nuisance *per se.*   Marble Co. v. Gas Light Co., 128 Mo. App. 108; Galloso v. Sikeston, 124 Mo. App. 383; State v. Franklin, 133 Mo. App. 486.

VALLIANT, J.—This is a suit in equity, the purpose of which is to require the defendant to remove a fence which the plaintiffs say intrudes into a public street on which their property abuts and in which they are especially interested.   Defendant contends that the fence is on his own property, not in the street.

There is no dispute about the facts.   Mrs. Dysart owned ten acres in the corporate limits of the city of Columbia, being northwest quarter of the southwest quarter of the northeast quarter of section 12, township 48, range 13.   The land lay in a parallelogram, its east line being the west line of Washington avenue. In 1894 Mrs. Dysart caused the land to be platted and laid off in town lots, streets and alleys, and called it Dysart's Addition to the city of Columbia.   The plat was duly executed in conformity to the statute, ap-

proved and accepted by the city, and filed for record. Adjoining Mrs. Dysart's land on the west was a tract of forty acres owned by General Guitar. The line of division between these two tracts was the center line of section 12. At the time Mrs. Dysart made her plat there was a fence on the division line between the two tracts, and there was a road forty feet wide west of that fence on General Guitar's land, otherwise there was no street there. The road was made by General Guitar apparently for his own use; there was a gate at the south end of it, the then northern terminus of Third street. In 1904, several years after the Dysart plat was filed, General Guitar filed a plat of his land, divided into town lots, streets and alleys, called Guitar's Addition to the city of Columbia, which was approved and accepted by the city. The plat showed a street forty feet wide along the east line of the tract, denominated thereon "North Extension Third Street." After the filing of that plat the gate was left open and the road was traveled by the public, the fence still standing on the division line, which was the center line of section 12, between the Dysart tract and the Guitar tract. About a year before this suit was begun the owner of the Guitar property drew the fence in on his land twenty feet which left of the old road only twenty feet outside of his enclosure.

The Dysart plat also called for a forty foot street denominated thereon "Extension Third Street," and it apparently dedicated one-half of the street, twenty feet. But the trouble comes from the fact that Mrs. Dysart did not own the twenty-foot strip marked on her plat as dedicated; there is a mistake of twenty feet in the measurement of her land. From the west line of Washington avenue to the west line of Mrs. Dysart's land, the distance is only 694 feet, but her plat calls for 714 feet, which intrudes twenty feet over on the land of her neighbor, General Guitar. The west line of the lots in the Dysart Addition, now owned

by defendant, is just 694 feet from the west line of Washington avenue.

Third street, at the time these plats were made, ran north through the city to Sexton street, which is the southern boundary of the Guitar tract, and there it terminated; it was forty feet wide. If Third street were extended north from that point its east line would coincide with the center line of section 12, the division line between the two tracts, and would therefore be entirely on the Guitar land. If Third street should be so extended as to take twenty feet from the Dysart land there would be a jog to the east of twenty feet in the street at that point, as is shown by the Guitar plat.

The land inclosed with defendant's fence has never been used as a street; there are several forest trees on it; the city has never undertaken to improve the street in dispute; the only improvement of it was made by General Guitar. Plaintiffs introduced evidence designed to show that their properties would be diminished in value by reducing the street to a width of twenty feet. The finding and judgment were for the plaintiffs; the defendant appealed.

The out-boundary lines of the Dysart tract, intended to be included in the plat filed, and their distances, are given: Point 1, which is the point of beginning, is the southeast corner of the tract, in the west line of Washington avenue, thence north along that line 627 feet to point 2, on the east and west subdivision line of the northwest quarter of section 12; thence west with that subdivision line 714 feet to point 3, the center of Boulevard and extension of Third street; thence south, with the north-and-south subdivision line and center line of extension of Third street, 627 feet to point 4, thence east 714 feet to the point of beginning. This description follows the quarter section subdivision lines on three sides, showing that the purpose was to keep within the legal boundaries

of that subdivision. But in going west from point 2 a mistake was made in the distance; the surveyor went twenty feet beyond the true line.

It is argued by respondents that a plat made according to the statute, approved and accepted by the city, has the same effect that a deed dedicating the street to the city would have. In their brief the learned counsel say: "It is the same as if Mrs. Dysart had said: 'I convey to the city of Columbia the west twenty feet off of the following described tract I own: beginning at point 1, the southeast corner of my ground, thence north along the west line of Washington avenue 627 feet to 2, on the east-and-west subdivision line; thence west 714 feet to 3, the center of Third street; thence south with the north-and-south subdivision line and center of extension of Third street.' "

A plat under the statute, section 10294, Revised Statutes 1909, has the effect to vest title to a street in the city, the same as if dedicated by a deed, but the plat, like a deed, must be construed as a whole. Conceding that it was the purpose of Mrs. Dysart to dedicate twenty feet of her land to the city to be a part of Third street, yet that was not the whole purpose of the plat, nor is that part to be given preference over all else. There were other streets and alleys dedicated which were to inure, not only to the benefit of the city in general, but to the prospective purchasers of the lots in particular. It is argued for respondents that the grant to the city was prior to the purchase of the lots by Hoffman, under whom defendant acquired title, because the dedication to the city took effect as soon as the plat was filed, whereas the purchase by Hoffman was two years later. But the plat is in that respect a common source of title and a purchaser of a lot after the plat is filed acquires a right to the streets and alleys in so far as they affect his property. The plat is not to be taken to pieces, it is

238 Sup.—40

to be taken as a whole, and the rights of the city and individuals, in so far as they are derived from the plat, date from its filing.

If a court should undertake to say that, it appearing that Mrs. Dysart intended to convey twenty feet of her land for a street, but by mistake of the surveyor the twenty-foot strip described was located on land she did not own, therefore, the plat must be reformed and another strip must be found and so located as to put it on the land that she did own at the time, would the court adjust the matter by taking the twenty feet off defendant's property or would it spread the loss over the whole tract? The mistake, so far as the plat shows, was as patent to the city when it examined and approved the plat as it is now; the city knew then that the grantor was going to offer lots for sale as marked on that plat. The law requiring the city to pass judgment of approval of the plat before allowing it to be filed, contemplates that the city will examine before approving it, but if the city approves it and allows it to be filed, and lots are offered to the public for sale, and men buy lots on the faith of it, the city's right to what the plat gives it is not superior in quality or prior in time to the rights of the purchaser.

The Dysart plat did not more distinctly show an intention to dedicate twenty feet of ground for a street than it showed an intention to offer for sale the lots of the size therein specified now owned by defendant; and when it is discovered that after giving the purchaser the full measure of his lots as specified on the plat the land is short in measure and there is nothing left for the street, the city has no more right to require the lot-owner to make good the deficiency than the lot-owner would have, if on re-measurement, it was found that his lots lacked several feet of being as long as the plat called for, to appropriate the land granted to the city for a street to make good his deficiency. The plat, like a deed, is one instrument, and

it must be construed altogether. The trouble with the city's claim, as compared with that of the defendant, is that the land marked on the plat as dedicated to the city did not belong to Mrs. Dysart when she made the plat, whereas the land described in the plat as embraced in the lots now owned by defendant did belong to her; she had no right to dedicate the one, she did have a right to sell the other.

Respondents in their brief invoke the well recognized rule of construction that when property is attempted to be described by metes and bounds, with courses, distances and monuments, if there is a discrepancy between courses or distances and monuments, the former must yield to the latter. But that rule will not aid the respondents, because there are no monuments here, unless we take the forty-foot road which was at the date of the plat all on General Guitar's land. The learned counsel say: "While the second distance is erroneous, the description goes to a fixed point and monument, i. e., the subdivision line." But that subdivision line is not a monument, it is not visible, it is ascertained only by measurement, and is liable to be located here or there, correctly or incorrectly, according to the skill or care of the surveyor; it is not the section line shown on the government surveys; the government does not locate the subdivision lines of a section. The fact that it was not a fixed point is demonstrated by the error in this plat. Nor is the call for the center of the extension of Third street, *eo nomine*, a fixed monument, because Third street had not then been extended, it had not up to that time existed, and its location is even now the very question in dispute in this case. Washington avenue is a monument, and the starting point of this survey, in the west line of Washington avenue, is a fixed point, but not so the then to-be extension of Third street. At the date of this plat the only visible object on the face of the earth that could an-

swer the description of Third street extension was the road on the Guitar land, which coincided entirely with Third street extended. The east and west lines of Third street extended north would embrace that road, and in fact, as the evidence shows, that road was used by the public as the extension of Third street from the date of the filing of the Guitar plat until about a year before the institution of this suit, when the owner of the Guitar land put his fence in the middle of the road. The center line of this road is the west line of Mrs. Dysart's plat, and the east twenty feet of the road is what Mrs. Dysart intended to dedicate, and it is what would have been dedicated by virtue of the plat if it had been her property. The land so intended to be dedicated is clearly described; there is no room to contend that there was a misdescription or that she intended to convey other land than that embraced in the description. She was doubtless mistaken in the extent of her domain, but she was not mistaken in the particular strip of land that she intended to give for that street, and the dedication fails only because she had no title to it.

Respondents say that the effect of the plat is the same as the effect a deed would have, and that is so, but parties claiming under a deed can take only what the deed in fact conveys, not what we may surmise the grantor intended to convey.

Whatever Mrs. Dysart may have intended to do, it is certain she did not in fact dedicate to the city the west end of the lots shown on her plat, the lots now owned by appellant, and as she did not do it we have no right to say that if she had been better informed as to the extent of her territory she would have done it, therefore we will remodel the plat at the expense of the defendant.

The judgment is reversed and the cause remanded to the circuit court with directions to enter judgment for defendant, dismissing plaintiff's bill. All concur.