The STATE of Missouri ex rel. The COUNTY
OF MISSISSIPPI, Respondent,

v.

James Albert STALLINGS, Jr., and Helen
Alene Stallings, Appellants.

No. 53305.

Supreme Court of Missouri,

Division No. 1.

Dec. 9, 1968.

Roderic R. Ashby, Charleston, for respondent.

Dwight Crader, Sikeston, for appellants.

STORCKMAN, Judge.

The plaintiff, Mississippi County, undertook to condemn a strip of land 15 feet wide and 2020 feet long for public road purposes. The petition, filed July 18, 1966, described the land as beginning "at the southwest corner of the Northwest Quarter" of the designated section and "running thence East 15 feet; thence North 2020 feet; thence West 15 feet; thence South 2020 feet to the point of beginning and containing, .47 acres, more or less."

On September 26, 1966, the court made findings and rendered judgment "that the lands, property and rights be and stand condemned for the uses and purposes set out in the petition". At the same time the court appointed three commissioners to assess the damages by reason of the appropriation. Neither the judgment of condemnation nor the order appointing the commissioners described the land other than by reference to the petition.

The commissioners qualified and on October 11, 1966, filed their report wherein they assessed defendants' net damages at $900. The report recited that all three commissioners "viewed the property to be condemned together; that they examined the description while viewing the property". As required by S.Ct. Rule 86.06, V.

A.M.R., the commissioners' report contained "a separate description of the property for which the damages are assessed". This description was exactly the same as that set out in the petition. No exceptions were filed. The defendants filed a motion for distribution of the damage award which had been paid into the registry of the court. The motion was sustained and on November 2, 1966, the sum of $900 was ordered distributed to the defendant-landowners and their attorney.

Over five months later, on April 13, 1967, the plaintiff filed its motion "TO CURE AN IMPERFECTION IN JUDGMENT" reading as follows:

"Comes now the Relator and moves the Court as follows:

"1. That the Judgment heretofore entered in this cause through mistake and misunderstanding of all the parties misdescribed the property taken.

"2. That the proper description which should have been in the judgment heretofore entered is as follows:

"A tract of land lying, being and situate in the County of Mississippi and State of Missouri, to-wit:

"A strip of land 15 feet wide and 2020 feet long east of and adjoining the east side of the county road right-of-way along the west side of the West Half of the Northwest Quarter of Section Thirty (30), Township Twenty-five (25) North, of Range Sixteen (16) East of the 5th principal meridian, more particularly described as follows, to-wit:

"Beginning at a point East of the Southwest corner of the Northwest Quarter of Section 30, Township 25, Range 16, at the edge of the existing road right-of-way, running thence East 15 feet, thence North 2020 feet; thence West 15 feet; thence South 2020 feet along the edge of the road right-of-way to the point of beginning and containing .47 acres, more or less.

"WHEREFORE, Relator prays that the Court amend its former Judgment by properly correcting and redescribing the land in its Judgment. Relator further requests that the Court enter such other and further orders necessary to grant full relief in the premises."

The defendants filed a motion to strike plaintiff's motion on the grounds (1) that the motion describes other and different land than that actually taken in the condemnation proceedings and described in the plaintiff's petition and the report of the commissioners and is a nullity, (2) that the plaintiff's motion improperly attempts to amend the description of the land by adding different and additional land and by substantially changing issues and prejudicing the rights of the defendants, (3) that the motion and any proceedings thereon are void because they fail to comply with statutory requirements and supreme court rules pertaining to condemnation cases, and (4) that the motion does not set forth facts sufficient to constitute grounds of relief.

The matter was taken up and submitted to the court without the hearing of any evidence. On August 8, 1967, the court overruled the defendants' motion to strike the plaintiff's motion and further ordered and ruled as follows:

"2. Sustains the motion of the plaintiff to cure an imperfection in judgment herein and finds that plaintiff was in error and through mistake and misunderstanding improperly described the property to be condemned and that by permitting the plaintiff to correct its error the defendants are not denied any of their rights and that the property viewed by the commissioners and for which the plaintiff deposited the commissioners award was in accordance with description as corrected and that the defendants have drawn down the money so deposited by the plaintiff, and it is therefore hereby ordered that the petition and the judgment herein be corrected to read as follows:

"[The land description as set out above in plaintiff's motion to cure imperfection is omitted here to avoid unnecessary repetition.]

"WHEREFORE, it is hereby ordered that the petition herein and the judgment be corrected, in accordance with the motion of the plaintiff to read as follows:

"[The land description as set out above in plaintiff's motion to cure imperfection is omitted here to avoid unnecessary repetition.]

"IT IS FURTHER ORDERED that plaintiff be put in immediate possession of the above described premises.

"IT IS FURTHER ORDERED that the costs of these proceedings be taxed against the plaintiff."

The defendants have appealed from the judgment entered pursuant to the plaintiff's "MOTION TO CURE AN IMPERFECTION IN JUDGMENT". No evidence was taken at any stage of the condemnation case. Nor is there any stipulation or agreement with respect to the facts. During oral argument, counsel for both parties went outside the record, but even then the factual background is incomplete, uncertain and not dependable. Perforce, we must base our decision on the pleadings, reports, orders and judgments shown by the transcript—the material parts of which are set out above.

The plaintiff contends that the alleged mistake in the first judgment may be corrected under the rules and statutes relating to jeofails in that such mistake is one of the specified kinds of imperfection for which a judgment will not be reversed, impaired or in any way affected. Sections 511.260 and 511.270, RSMo 1959, V.A.M.S.; S.Ct. Rules 74.30 and 74.31, V.A.M.R. Item 10 of § 511.260 and Rule 74.30 deal in a limited way with a mistake "in any description of any property".

Both the petition in condemnation and the report of the commissioners are

required by supreme court rule and statute to set forth a description of the property or right which the condemnor seeks to acquire, use, or extinguish. S.Ct. Rules 86.04 and 86.06, §§ 523.010 and 523.040. A condemnor must describe the land and rights sought with such particularity that the owner can without too much difficulty ascertain exactly what is being taken. State ex rel. Morton v. Allison, Mo., 365 S.W.2d 563, 564[2].

It should also be noted that the application of Rule 74.30(10), relied on by plaintiff, is limited to a mistake in the description where the "description shall have been once rightly alleged in any of the pleadings or proceedings". See also § 511.260(10). Furthermore, Rule 74.31 provides: "The omissions, imperfections, defects and variances enumerated in Rule 74.30, and all others of a like nature, not being against the right and justice of the matter of the suit, and *not altering the issues between the parties on the trial*, shall be supplied and amended by the court where the judgment shall be given, or by the court into which such judgment shall be removed by appeal." Emphasis added. See also § 511.270.

■ The description of the land to be appropriated is an essential element in a *condemnation proceeding and a material* mistake in the description is not an imperfection that can be cured by judgment or the provisions for jeofails. Collins v. Andriano, 264 Mo. 475, 175 S.W. 194, 195[1]; Barrie v. Ranson, 226 Mo.App. 554, 46 S.W.2d 186, 188[4]. In Collins v. Andriano, it was held that a petition in ejectment must describe the land sought to be recovered so definitely that the officer executing the writ of possession will know the land the plaintiff is entitled to and unless it does the petition is fatally defective and cannot be cured by verdict or the statute of jeofails. Barrie v. Ranson held that the omission of the description of the property in a petition to enforce a tax bill is not such an omission as may be cured by verdict as provided in the statute of jeofails.

■ The plaintiff next contends that: "The Court made its judgment conform to describe the property viewed by the Commissioners and paid for by the County and accepted by the Defendants." In support of this statement, the plaintiff cites State ex rel. Adams v. Hann, Mo., 30 S.W.2d 15, which holds, inter alia, that a petition in condemnation could refer to an established road as a monument. Guitar v. St. Clair, 238 Mo. 617, 142 S.W. 291, also holds an established avenue may be a monument, but such monuments may also present practical difficulties. See State ex rel. Morton v. Allison, Mo.App., 357 S.W.2d 733, 735–736[2]. However, there is no such reference in the petition in this case; it simply says the land to be appropriated is to be used for public road purposes. In its motion to cure imperfection, the plaintiff for the first time refers to an existing road and right of way. But here again there is no evidence to support this allegation or any other pleading in the case. Statements in oral argument and appellate briefs cannot supply this deficiency.

■ A motion by a party to amend a judgment must be made not later than fifteen days after entry of the judgment. S. Ct.Rule 73.01(c). The trial court retains control over its judgments during the period of thirty days after entry and may vacate, reopen, or modify its judgment for good cause within that time. S.Ct. Rule 75.01. A modified or substitute judgment entered after the thirty-day control period has expired is a nullity and should be stricken from the record. State ex rel. Berbiglia, Inc. v. Randall, Mo., 423 S.W.2d 765, 769[4].

■ Apparently a motion to vacate a judgment based on proof of facts by evidence de hors the record may be filed directly in the original case and may operate as a substitute for a writ of error coram

nobis if justified by the facts and circumstances. Rubbelke v. Aebli, Mo., 340 S.W.2d 747, 750–751[2]; In re Jackson's Will, Mo.App., 291 S.W.2d 214, 222[10]. In such a proceeding the burden of proof is upon the party who attacks the judgment. In re Jackson's Will, Mo.App., 291 S.W.2d 214, 224[21]. Besides being wholly unsupported by proof, the motion and the circumstances indicate that such a course is not feasible in this particular case.

▮ Generally, amendments in description of the property in a condemnation proceeding should be liberally allowed, but after the report of commissioners has been filed, amendments to include different or additional lands, substantially changing the issues or prejudicing rights of opposing parties, will usually be denied. State ex rel. Morton v. Allison, Mo., 365 S.W.2d 563, 565[4]; State ex rel. Morton v. Allison, Mo.App., 357 S.W.2d 733, 737–738[5–6]. Unquestionably, the descriptions are of two distinct strips of land. The first now appears to be within the right of way of a county road. The plaintiff's petition alleged that the defendants had or claimed an interest in it and there is no proof to the contrary. In rendering the amended judgment, the court found that the commissioners had viewed the property covered by the second description, but the commissioners' report stated they viewed the property first described, and that has not been changed and could hardly be although the court order goes beyond the prayer of the motion in that it amends the petition as well as the judgment. This is not a case of amending to conform to the proof because there is no proof. S.Ct. Rule 55.54.

We have not been cited to any decision which authorized the trial court to set aside or amend a commissioner's report after the proceedings have been concluded in conformity therewith. In State ex rel. State Highway Commission v. McDowell, 236 Mo.App. 304, 152 S.W.2d 223, it was held that the circuit judge was without power to appoint new commissioners and in effect start proceedings over again where the parties had filed exceptions and had asked that compensation be fixed by a jury.

▮ In order to prevent a condemnor from dismissing its petition and abandoning the condemnation after the commissioners had filed a report fixing an amount of damages not to its liking and thereafter bringing successive actions until some commission made a satisfactory award, a court rule was promulgated which provides that proceedings for the condemnation of the same property shall not be instituted again within two years after an abandonment. S.Ct. Rule 86.06; State ex rel. Morton v. Allison, Mo., 365 S.W.2d 563, 566[5]. To permit the trial court to set aside commissioner's reports without limitation and otherwise depart from provisions of the rules and statutes would thwart the purpose of this rule. Sassman v. State Highway Commission, Mo.App., 45 S.W.2d 1093. There is no obstacle to the institution of another proceeding in this case since the property described in the motion is not the same tract as described in the petition, and there is no contention that the mistake or error made, if any, was not an honest one.

The defendants are entitled to a condemnation regular in form and substance. If they have been paid a sum mistakenly, in whole or in part, it is not the function of the court to suggest a remedy. The trial court did not find the defendants at fault. Able counsel should be able to achieve an equitable result.

▮ The order and judgment entered August 8, 1967, is reversed and the cause is remanded with directions to deny plaintiff's motion to cure an imperfection in the original judgment.

HENLEY, P. J., SEILER, J., and CONNETT, Special Judge, concur.