**Freda Jo STARKS, Respondent,**

v.

**Richard Neal STARKS, Appellant.**

**No. 42145.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 26, 1980.

Robert M. Wohler, O'Fallon, for appellant.

C. Clifford Schwartz, Clayton, for respondent.

CLEMENS, Senior Judge.

■ Defendant husband Richard N. Starks moved to set aside a default judgment that dissolved his marriage, pleading that by reason of a mental defect he had no recollection of the filing of the petition nor executing any entry of appearance. At an extended hearing defendant so testified, but the weight to be given his testimony was discretionary with the trial court.

The parties had been married 22 years when suit was filed in January, 1979. Defendant executed an entry of appearance and a property settlement but testified he recalled neither. The parties moved apart and in August, 1979 the wife's petition was granted.

There was no medical testimony of the husband's claimed mental defects. He testified that just before the dissolution suit was filed he had been hospitalized for five weeks for severe depression, and from May to July, 1979 for "psychologically based" problems. Another two weeks of hospitalization followed. He then returned to work at McDonnell Douglas Company, where he had been employed for over 20 years. He

now contends he is "pretty well recovered"—to the extent he believes he should have custody of three minor children.

Other relevant testimony concerning the husband's claimed mental condition: He did recall having discussed the dissolution with his wife, going to her lawyer's office and there discussing child support; he had received a copy of the petition for dissolution. And, during the six months between the filing of the petition and granting dissolution he twice discussed the pending suit with a friend and with his son. This all tended to refute defendant's contention he had no knowledge of the filing of the petition or his entry of appearance.

In denying the husband's motion to set aside the decree the trial court found he had "failed to establish reasonable diligence or excuse for default". To warrant setting aside the decree the husband had the burden of proving his failure to appear and defend was without fault. *State ex rel. County of Mississippi v. Stallings*, 434 S.W.2d 588[5, 6] (Mo.1968). A motion to set aside the default judgment is addressed to the trial court's sound discretion and its ruling will be upheld on appeal absent a clear showing, absent here, that the denial thereof was clearly erroneous. *Ward v. Cook United, Inc.*, 521 S.W.2d 461[10] (Mo. App.1975).

The trial court further found the husband had "failed to plead or prove that he had a meritorious defense". The record so shows.

We hold defendant husband has failed to meet his dual burden to entitle him to have the decree set aside. In *Williams Energy Co. v. Trace Truck Leasing*, 562 S.W.2d 765[103] (Mo.App.1978), we held: "A default judgment will not be set aside unless defendant has shown a reasonable excuse for the default and a meritorious defense . . . And, the judgment will not be disturbed on appeal unless the elements of reasonable excuse and meritorious defense are so clearly apparent that the refusal to set aside was arbitrary."

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.