**STATE of Missouri, ex rel. STATE HIGHWAY COMMISSION, Plaintiff-Appellant,**

**v.**

**Ray W. SPELL, et al., Exceptions of Ray W. Spell, et al., Defendants-Respondents.**

**No. 45589.**

Missouri Court of Appeals, Eastern District, Division One.

Jan. 17, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 17, 1984.

---

John W. Maupin, Kirkwood, for plaintiff-appellant.

Glennon R. Vatterott, St. Ann, for defendants-respondents.

SIMON, Presiding Judge.

The Missouri Highway and Transportation Commission (formerly the State Highway Commission of Missouri and herein-after "Commission") appeals from a partial dismissal of a condemnation petition pursuant to a motion to amend the condemnation order and the report filed by the court appointed commissioners.

On appeal, Commission contends the trial court erred in: (1) denying Commission's motion to amend the order of condemnation and the commissioners' report in that the denial violated Supreme Court Rules 74.30 and 74.31; (2) granting Spell's motion to vacate judgment in that Spell waived the right to challenge the condemnation proceedings by accepting the condemnation award; (3) granting Spell's motion to vacate judgment in that doing so violated Supreme Court Rule 74.30; and (4) ordering Commission to refile a condemnation petition in that the trial court exceeded its jurisdiction; the exclusive authority to file such a petition being vested in Commission. We affirm and modify.

The Commission filed a condemnation petition in May, 1976 seeking to acquire property rights necessary for the construction of a highway in St. Louis County, Missouri. The petition by reference incorporated details as to the proposed highway and the property rights desired.[1] The petition sought condemnation of ten parcels, one owned by Spell (Parcel 398) which is the subject matter of this appeal.

A hearing was held on the petition and on July 6, 1976, the trial judge ordered the property condemned and appointed three commissioners to assess damages sustained by the owners of the parcels. Neither the order of condemnation nor the order appointing the commissioners described the parcels of land except by referring to the petition. The commissioners filed their report on February 17, 1977 which included a condemnation award of $45,000 to Spell for parcel 398. The award was paid into the court's registry on March 9, 1977 and an order to pay Spell the funds was entered on June 8, 1977. On February 24, 1977, Commission filed an exception to the award on parcel 398 claiming it to be excessive and seeking a new appraisal by a

1. The highway construction plans are not part of the record on appeal.

jury. Spell, on the same day, filed an exception to the commission's report also seeking a jury appraisal.

On July 31, 1981, Spell filed a motion to vacate judgment in condemnation as to parcel 398 for the reason that the legal description of the parcel as contained in Commission's condemnation petition and the commissioners' report "fails to properly describe the land owned by" Spell, in violation of § 523.010 RSMo 1978. The motion was denied on November 12, 1981.

On February 22, 1982, Commission filed a motion to amend the condemnation order and commissioners' report. The motion asserted that the petition and report "contained a clerical error which arose when the true description was transferred from the plans [incorporated by reference into the petition] to a word description [used in the petition and report]." The motion contended the plans [which were correct] were incorporated by reference into the petition, admitted into evidence at the hearing, relied on by all parties and used as the basis for the highway constructed. The court denied the motion and dismissed the condemnation petition as to parcel 398 and ordered Commission "to file a petition which properly describes the property taken." This appeal followed.

■ Commission, in its first point, contends the trial court erred in denying the motion to amend the property descriptions in the condemnation order and commissioners' report in that the denial violates Rules 74.30 and 74.31. We disagree.

Rule 74.30 provides, in pertinent part, that a judgment shall not "be reversed, impaired, or in any way affected by reason of the following imperfection, omissions, defects, matters or things, or any of them, namely: .... (10) for any mistake .... in any description of any property .... when the correct .... description shall have been once rightly alleged in any of the pleadings or proceedings;". Rule 74.31 states:

[t]he commissions, imperfections, defects and variances enumerated in Rule 74.30, and all rights of a like nature not being against the right and justice of the mat-

ter of the suit, and not altering the issues between the parties on the trial, shall be supplied and amended by the court where the judgment shall be given, or by the court into which such judgment shall be removed by appeal."

Commission contends the correct description of the property is contained in the highway construction plans which are incorporated in the petition by reference. Therefore, the petition contains the correct description. We disagree. This is not a situation where the petition contains a general description which is to be augmented by another document. Here, the description in the petition is meticulously specific. It was not necessary for Spell to venture beyond the petition and examine the plans attached. *See, Sassman v. State Highway Commission*, 45 S.W.2d 1093, 1095[1] (Mo. App.1932).

Further, the property description is not correctly alleged in the petition so that Spell can, without too much difficulty, determine exactly what land is being taken; the property's description is an essential element in condemnation and a mistaken one, under these circumstances, cannot be cured under Rule 74.30 and 74.31; the motion to amend is untimely; the commissioners' report was already filed and the proceedings concluded. *State ex rel. County of Mississippi v. Stallings*, 434 S.W.2d 588 (Mo.1968).

Commission, in its second and third points, contends, respectively, the trial court erred in granting Spell's motion to vacate judgment in that Spell waived his right to so move by accepting the award and the action by the court violated Rule 74.30. Commission's points are meritless since Spell's motion to vacate judgment was denied.

■ Commission, in its fourth point, contends the trial court erroneously ordered it to file a new petition with a proper description of the parcel in that the order violated Article II, Section I of the Missouri Consti-

tution concerning the separation of powers of the branches of Missouri's government.

The order in issue reads:

Plaintiff appears by its counsel, John W. Maupin, and Defendant appears by its counsel, Glennon R. Vatterott, and Plaintiff presents its motion to amend the order of condemnation and report of commissioners pursuant to Rule 74.31, alleging a clerical error in the property description contained in same. The Court, being fully advised in the premises, denies Plaintiff's Motion, orders the petition dismissed as to those Defendants and paragraphs 12 through 12.30 [parcel No. 398], inclusive, and *orders plaintiff to file a petition which properly describes the property taken.* (emphasis added).

Commission's point is correct. *State ex rel. County of Mississippi v. Stallings,* 434 S.W.2d 588, 592 (Mo.1968). Accordingly, the portion of the trial court's order mandating a petition to be filed is erroneous. Spell has been paid $45,000. If the payment was mistakenly made, it is not the function of the court to suggest a remedy. The trial court did not find Spell at fault. Able counsel should be able to achieve an equitable result. *id.* at 592.

The order of the trial court is affirmed and modified as herein provided.

STEPHAN, J., concurs.

KAROHL, J., dissents.

KAROHL, Judge, dissenting.

Plaintiff State Highway Commission filed a condemnation petition in 1976 to acquire right-of-way for part of Route 725 to be located in St. Louis County, Missouri. Following the usual form, Paragraphs One through Nine are general pleadings which identify the project, the plaintiff's authority, the process of appraisal and negotiations, and the necessity of condemnation. Paragraph Six of the general pleadings refers to "detail construction plans show[ing] the location of the highway through or by the lands in which the several defendants claim interest, and show[ing] the lands and rights being acquired .... A copy of said detail construction plans are filed herewith in the Circuit Clerk's Office and made a part of this condemnation petition by reference." The petition thereafter describes the parties in interest for each parcel together with a description of the property to be taken. The parcel at issue here is Number 398 which is described in Paragraphs Twelve through 12.30. Paragraph Twelve identifies the parties in interest for Parcel 398 and refers to them as the owner or owners of the property mentioned in a deed of trust recorded in Book 6712, Page 1821 in the Recorder of Deeds Office in St. Louis County.

By filing the motion to amend Paragraph 12.20 only, the plaintiff has conceded that the legal description in this paragraph of the original petition was faulty. The motion was filed more than five years after the condemnation proceeding began, four years after the defendants withdrew the proceeds paid to the clerk of the court for the condemnation of Parcel 398, and after the highway had been constructed over and upon that parcel. We surmise that the motion to amend Paragraph 12.20 was suggested to the plaintiff by the defendants' motion to vacate based upon the faulty description and failure to comply with § 523.010 RSMo 1978. That motion was previously denied. The trial court was asked by plaintiff's motion to amend only to permit an amendment of Paragraph 12.-20 to conform with the proper legal description which, it argues, may be discernible from the detailed plans incorporated into the petition in Paragraph Six.

The plaintiff has not been given an opportunity to prove to the court that the incorporated plans in Paragraph Six were sufficient to comply with § 523.010, RSMo 1978, which requires a description of the property to be condemned. Accordingly the trial court's dismissal was premature. This matter should be remanded to the trial court so that the plaintiff may have an opportunity to demonstrate that the petition, as filed in 1976, sufficiently described Parcel 398 even though the word descrip-

tion in Paragraph 12.20 was faulty. If so found, the trial court, even without motion of the parties, should order the word description to be corrected, provided: (a) such order would not be against the right and justice of the matter in suit, and (b) the correction would not alter the issues between the parties on the trial. Rule 74.31. The ultimate judgment should not be impaired for any mistake in the description where the correct description "shall have been *once* rightly alleged in *any of the pleadings* ...." Rule 74.30 (emphasis added).

On remand if the court finds that the incorporated detail plans, Paragraph Six of the petition, do not sufficiently identify Parcel 398 then a dismissal would be not only correct but required because the failure to sufficiently describe the land in a condemnation proceeding is fatal to jurisdiction. *Sassman v. State Highway Commission,* 45 S.W.2d 1093, 1095 (Mo.App. 1932).

It has been held that a petition which contains a faulty word description of the property to be condemned but by reference adopts the detail plan of improvement is sufficient to vest the court with jurisdiction and does not render the proceedings void. *State ex rel. Morton v. Allison,* 357 S.W.2d 733, 736–37 (Mo.App.1962). In *Morton* the court referred to the detailed plans and was able to discern the tract described in the original petition. The court did so by reference to survey stakes indicated on the plan and referred to as "stations." In this case the faulty description contained in the original petition's Paragraph 12.20 refers to such "stations". So also does the proposed amended 12.20. It is significant that both descriptions have in common station 275 + 75.09. This indicates that the parcel described by the original Paragraph 12.20 was not wholly unconnected to the parcel as described in the proposed amendment to that paragraph.

Of course in the initial stage of the proceeding the property owner should have the benefit of a proper description and not be compelled to employ a surveyor to go upon the land to learn what it is that the state desires to take by sovereign right. However, objection to the petition's description would be more cogent at the time the petition is filed, not five years thereafter and four years after the property owner withdraws the commissioner's award. I would remand for a hearing to determine whether the petition, as filed, accurately described the property by incorporating the detailed plans in Paragraph Six or by alleging the note and deed of trust in Paragraph Twelve, or both. If so found, at this stage of the proceeding, plaintiff should be permitted to amend the word description of Parcel 398 in Paragraph 12.20. If plaintiff is unable to establish that Parcel 398 was sufficiently accurately described in the original petition the petition should be dismissed. The result of the majority opinion or of a dismissal by the trial court after a remand would be to prevent plaintiff from recommending this parcel for a period of two years. *State ex rel. Morton v. Allison,* 357 S.W.2d at 739; Rule 86.06. I agree with *Morton* that the right to amend "depends upon the circumstances, including the stage of the proceedings. It is said that the practice of allowing amendments is one which should find favor with the courts, since it saves time and expense to both the public and the parties." 357 S.W.2d at 737. The four-year time lapse between withdrawal of the condemnation proceeds and the dismissal is a sufficient justification for permitting amendment, particularly where the amendment would not be against the right and justice of the matter of the suit and would not alter the issues between the parties in any remaining stage of this condemnation proceeding.

For the reasons here given and because I view the majority opinion in direct conflict with *State ex rel. Morton v. Allison,* 357 S.W.2d 733 (Mo.App.1962), I respectfully dissent.