STATE of Missouri ex rel. MISSOURI STATE HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff-Respondent,

v.

George KROEGER et al., on the Exceptions of Mary Kovacevich and Joseph Kovacevich, Defendants-Appellants.

No. 44147.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 26, 1984.

Motion for Rehearing and Transfer Denied Nov. 20, 1984.

Application to Transfer Denied Jan. 15, 1985.

Morton K. Lange, Cuba, for defendants-appellants.

Bruce A. Ring, Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

This opinion has been written on reassignment.

Condemnee-property owners appeal judgment following jury verdict awarding $22,000 for a partial taking of real estate for highway construction along Interstate Route 44 in Franklin County. Appellants withdrew the Commission's award of $50,000 and were ordered by the judgment to repay $28,000 to respondent plus interest from the date of withdrawal.

It is not disputed that the petition described a partial taking of an easement for right-of-way across .14 acres.[1] The beginning point of the legal description was pleaded to be 140 feet north of station 415 + 60 on the center line of Interstate Route 44. See appendix diagram. This point was also described to be on the existing northwest right-of-way line of Route 66. In addition to the legal description appearing

1. A temporary construction easement and a drainage ditch easement are incidental to this appeal.

in Paragraph 31.10 of the petition the following appears in Paragraph 5:

Said detailed plans show the actual survey and, among other things, the location of said highway through the lands herein affected ... The description of the lands of defendants being condemned were taken from said survey, map and detail plans and are intended to describe the parcel of defendants' lands and only such parcels or rights as are shown on said map, survey and detail plans, and for a more accurate and perfect description of said parcels of land and the rights over them, or interests sought to be acquired, reference is hereby made to said map, survey and detailed plans now on file with said circuit clerk, and which is adopted by reference as an exhibit and made a part of this petition.

The petition description governed during the first stage of the condemnation proceeding including the order of condemnation, the Commissioner's assessment of damages, the pay-in and the withdrawal of funds. However, after the jury was selected and after opening statements of both parties it became clear that there was a dispute as to what property was being condemned.

The plaintiff-respondent Missouri State Highway and Transportation Commission (Commission) believed the partial taking was .14 acres as described in the petition.[2] The appellant property owners believed it was .49 of an acre that was being taken. The difference may be explained by reference to a 1944 deed by which the state acquired property from appellants' predecessor in title, Blume. Both parties agree that the 1944 deed *may* be read so as to locate the highway center line of Highway 66 (now Interstate Route 44) some distance south of where it is shown on the Commission's plans. If so read the northern line of the right-of-way is south of the line shown on the highway plans by the same distance.

The Commission does not agree that it should be read in that manner. It is not necessary that we decide that dispute as the parties and the trial court, outside of the presence of the jury, made an effort to resolve the conflict before hearing evidence of damages. Suffice it to say that the court ruled that the appellant property owners' position was correct, that the taking was .49 acres. As a result the evidence of damages presented by both parties included the .14 acres described in the pleadings and .35 acres immediately adjacent on the south for a total of .49 acres.[3]

Only the Commission objected to the trial court's ruling that the taking was for .49 acres. The hearing on damages, based on the ruling favorable to appellant property owners, was in regard to the entire .49 acres. The evidence of damage ranged from $9,000 to $104,000. The jury awarded $22,000. Only the property owners have appealed the verdict and judgment.

On appeal the property owners contend, for the first time, that the defective legal description in the unamended petition is a jurisdictional defect, that the defect is fatal and that the judgment is a nullity.

This proceeding was instituted in October, 1969. No request was ever made of the court to amend the legal description. This condemnation proceeding was controlled by Chapter 523 of the Revised Statutes of Missouri 1969. The petition must contain a description of the real estate to be acquired. § 523.010. Presuming regularity of the proceedings, three commissioners were appointed to assess damages on the described real estate. A copy of the Commission's report was made, filed and recorded. § 523.040. Exceptions were filed by both parties, § 523.050.1, and both referenced the petition paragraphs describing the .14 acres. Before the trial none of the proceedings on the measure of damages involved the .35 acres south of the

---

2. For some unexplained reason the appendix diagram taken from a trial exhibit shows the .14 to be .15 acres.

3. The extensive evidence would make it possible to argue and locate at least four different locations for the center line. This would allow four different locations for the northern right-of-way line before the taking.

## 483

described .14 acres. The taking and therefore the damages were sustained prior to trial when the $50,000 the commissioners awarded was paid into court for the owner. *J.B. Millhouse v. Drainage District No. 48 of Dunklin County*, 304 S.W.2d 54, 60 (Mo.App.1957). On that date the pleadings indicated the land to be taken was .14 acres.

Appellant's attack on the trial court's subject matter jurisdiction is twofold. The first is that the condemnation proceeding must be strictly construed and every statutory requirement (description of the land taken being one such requirement) must be complied with, and if this has not been done, the proceedings are void, *Sassman v. State Highway Commission*, 45 S.W.2d 1093, 1095 (Mo.App.1932). Appellant maintains that "after the report of the commissioners has been filed, amendments to include different or additional lands, substantially changing the issues or prejudicing rights of opposing parties, will usually be denied." *State ex rel. County of Mississippi v. Stallings*, 434 S.W.2d 588, 592 (Mo.1968). Second, and more generally, since subject matter jurisdiction goes to the very heart of the court's power to act" ... [w]hen the court lacks subject matter jurisdiction, any action it takes is null and void." *Parmer v. Bean*, 636 S.W.2d 691, 694–695 (Mo.App.1982) (Workmens' Compensation); *State Tax Commission v. Administrative Hearing Commission*, 641 S.W.2d 69, 72 (Mo. banc 1982) (Declaratory Judgment).

■ Subject matter jurisdiction may be raised at any time, Rule 55.27(g)(3), may not be waived, and may not be conferred by consent of the parties or by estoppel. *State Tax Commission*, 641 S.W.2d at 72.

■ The Commission maintains that the circuit court of Franklin County had general subject matter jurisdiction of the cause of action, the condemnation of land in Franklin County. We agree and distinguish cases holding that the court does not and could not have subject matter jurisdiction. Such cases include: actions to quiet title where the proceeding must be brought in the county in which the land is situated,

*Crawford v. Amusement Syndicate Co.*, 37 S.W.2d 581 (Mo.1931); a suit to cancel a deed of trust affecting real estate located in another county, *Howell v. Reynolds*, 249 S.W.2d 381, 383 (Mo.1952); and, attempted common law personal injury claims brought on facts cognizable under the Workmen's Compensation Law, § 287.120 RSMo 1978, *Parmer v. Bean*, 636 S.W.2d 691, 695 (Mo.App.1982). In these cases, the court is without subject matter jurisdiction because there is no provision in law for it to entertain the proceeding brought. In such cases all the legal principles above stated as to subject matter jurisdiction apply. They may be summarized to hold that the parties cannot create subject matter jurisdiction that does not exist. However, in the present case, the condemnation proceeding was cognizable before the trial court. The circuit court of Franklin County was the proper court to entertain condemnation of Franklin County land. Hence these legal principles do not control.

■ We also find that by consent a legal description in a condemnation case can be considered amended so as to confer subject matter jurisdiction over the property to be taken, providing that different or additional land is included in the actual adjudication at the second stage of the proceeding where only the extent of damages is at issue and where the property owner makes no objection. Such amendment to conform with proof will apply, however, only where there is no resulting prejudice and where the resulting amendment is strictly in accord with the proofs offered by *both* parties. Rule 55.54; *see State ex rel. County of Mississippi v. Stallings*, 434 S.W.2d 588, 592 (Mo.1968). *Stallings* reversed an order permitting a correction of an erroneous legal description after judgment. The court held that there was no authority permitting such amendment on request of one party after the proceeding had been concluded. No exceptions were filed by either party and there was no stage two damages trial. The court specifically noted that, "[t]his is not a case of amending to conform to the proof be-

cause there is no proof. S.Ct. Rule 55.54." *Id.* at 592. We find in the present case that the parties both tried the same damages issue, the taking of .49 acres, and that appellant property owner has had a full and fair trial on the issues. No objection was raised until after the jury verdict. As there was no showing of prejudice the points on appeal relating to appellant property owners' contention of void judgment for lack of subject matter jurisdiction are denied.

We also consider appellants' preserved contention that the verdict must be set aside as a quotient verdict. A sheet of paper was found in the jury room containing twelve numbers, ranging from thirteen to fifty-one. When added together the numbers total two hundred and sixty-four. If two hundred and sixty-four be divided by twelve the total is precisely the amount of the jury verdict, $22,000. The verdict was the verdict of all twelve jurors. The numbers are said to be in the handwriting of the foreman who signed the verdict and the figures of $22,000 on the sheet of paper and the verdict form are similar.

"The law in Missouri respecting quotient verdicts is well settled. It has been held that a verdict arrived at by a *prearranged* agreement among the jurors to be bound by the result of the average of the individual estimates of the jurors, amounts to misconduct on the part of the jury." *Jones v. Midwest Pre Cote Co.,* 412 S.W.2d 468, 471 (Mo.1967) (emphasis added).

However, it is the well-established and settled rule in this state that to establish a verdict as a quotient verdict it must be shown that there was a pre-arranged agreement among the jurors to accept the unknown and unascertained quotient as their verdict, *and the presumption is that there was no such prearrangement among the jurors.* (citations omitted). It is also well settled that if the jurors have not found themselves beforehand to accept the unascertained quotient as their verdict, but after the quotient is ascertained it is then adopted as their verdict, the fact that they used that method of reaching an agreement will not invalidate their verdict. (citations omitted). (emphasis added).

*Jones* at 471.

The note standing alone is not sufficient to overcome the presumption as it is equally possible that the calculations were made before any agreement on the verdict as it is that an agreement was made before the calculations. The former is not prohibited by the rule. The sheet of paper in itself does not prove jury misconduct.

We affirm.

STEPHAN, P.J., and SATZ, J., concur.

APPENDIX